**Ex parte Earnest Carl WILSON.**

No. 06–06–00121–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 18, 2007.

Decided May 23, 2007.

Earnest Carl Wilson, Rosharon, pro se.

Joe Black, Dist. Atty., Al Davis, Asst. Dist. Atty. Harrison County, Marshall, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Pro se inmate Earnest Carl Wilson unsuccessfully petitioned[1] the 71st Judicial District Court in Harrison County to expunge the records related to his April 26, 1993, arrest for escape. Wilson argues that the trial court erred in not giving his petition a full hearing with reasonable notice, not granting Wilson a bench warrant so he could attend the hearing,[2] denying

---

1. We note that Wilson's petition lacks information to identify the case in which he was arrested April 26, 1993, other than the date of his arrest and the charge, and that there is apparent confusion among the various information sources Wilson cites. The lack of any appellate record reflecting the underlying facts impedes our effort at cutting through that confusion.

2. Wilson asserts he was entitled to be personally present at a hearing, notwithstanding his status as an inmate. Though prison inmates do not lose the right to access the courts because of their incarceration, they do not have an absolute right to appear in person.

his expunction petition, and denying his motion to vacate[3] the trial court's judgment denying expunction. We reverse and remand this case for an evidentiary hearing because, under these facts, the trial court erred in ruling on Wilson's petition without holding an evidentiary hearing.

Expunction proceedings are authorized by Chapter 55 of the Texas Code of Criminal Procedure and are considered civil causes of action. *See McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex.App.-Fort Worth 2002, no pet.); *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 457 (Tex.App.-Houston [1st Dist.] 1994, no writ). A petitioner is entitled to expunction only on proof of satisfaction of each statutory requirement. *See Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex.App.-Corpus Christi 2002, no pet.). The salient portion of Article 55.01 of the Texas Code of Criminal Procedure provides as follows:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested . . . ;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon 2006). Although Section 55.01 is in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Heine*, 92 S.W.3d at 646. Wilson, as the one who brought this civil action, bore the burden of proof. *See id.* at 650. Expunction will not be granted unless the peti-

---

*Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.-San Antonio 2001, no pet.). There are alternatives to having an inmate physically present at a hearing, such as the use of affidavit, deposition, or telephone. *See In re D.D.J.*, 136 S.W.3d 305, 314 (Tex.App.-Fort Worth 2004, no pet.); *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex.App.-Houston [1st Dist.] 2000, no pet.). And a variety of factors can affect whether a bench warrant should be granted, including the difficulty in transporting the inmate to court, security and danger of his or her presence, the weight of the inmate's claims, the time-critical nature of the matter, the need for the inmate's personal and present testimony and for judging his or her credibility, whether the hearing is to the court or to a jury, the inmate's probability of success on the merits, whether the inmate is represented or is pro se, and whether he or she is a plaintiff or defendant. *D.D.J.*, 136 S.W.3d at

310–15; *see Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir.1976). A decision on a request for a bench warrant is reviewed for an abuse of discretion. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 650 (Tex.App.-Austin 2002, pet. denied); *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex.App.-El Paso 2001, no pet.).

3. Wilson's "motion to vacate" was essentially a motion for new trial. That motion essentially argued that the trial court was incorrect in its findings in the judgment. We review a trial court's denial of a motion for new trial for abuse of discretion. *See Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). Since we find error in the original judgment, we do not address Wilson's "motion to vacate."

tioner satisfies each of the statutory requirements. *Perdue v. Tex. Dep't of Pub. Safety,* 32 S.W.3d 333, 335 (Tex.App.-San Antonio 2000, no pet.). We review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard. *Heine,* 92 S.W.3d at 646. A trial court abuses its discretion if it acts without reference to guiding rules and principles or if its actions were arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Also, it errs if it rules without holding a hearing, where one is required.

■ Article 55.02 states that the trial court "shall set a hearing on" the petition for expunction. *See* TEX.CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (Vernon 2006). Not every hearing called for under every rule of civil procedure necessarily requires an oral hearing, and, unless required by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.,* 754 S.W.2d 152, 153 (Tex.1988); *Ex parte Staner,* No. 06–06–00088–CV, 2007 WL 79406 (Tex. App.-Texarkana Jan.5, 2007, no pet. h.); *Ex parte Current,* 877 S.W.2d 833, 839 (Tex.App.-Waco 1994, no writ). For example, a trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition. *Current,* 877 S.W.2d at 839–40. Presumably, that information might be available by what is in the pleadings, by summary judgment proof, or by judicially noticing court records.

The judgment denying Wilson's requested expunction recites that the trial court "has examined the records of the County Court at Law of Harrison County, Texas," and rules on Wilson's petition apparently by taking judicial notice of those records and without an evidentiary hearing. While those records were obviously available to the trial court—it based its ruling on them, satisfying itself that the petition's claims were meritless—the court apparently ruled entirely on the basis of its judicial notice of another court's records.

■ Before courts can take judicial notice of facts, those facts cannot be seriously subject to debate and must be easily ascertainable. *Fender v. St. Louis Southwestern Ry. Co.,* 513 S.W.2d 131, 135 (Tex. Civ.App.-Dallas 1974, writ ref'd n.r.e.); *Levlon v. Dallas Ry. & Terminal Co.,* 117 S.W.2d 876, 878 (Tex.Civ.App.-Dallas 1938, writ ref'd). Judicial records from other states, and such records from a domestic court other than the court being asked to take judicial notice, have not been deemed so easily ascertainable that no proof is required; they are to be established by introducing into evidence authenticated or certified copies, respectively, of those records. *Fender,* 513 S.W.2d at 135; *Adams v. State Bd. of Ins.,* 319 S.W.2d 750, 754 (Tex.Civ.App.-Houston 1958, writ ref'd n.r.e.).[4] That was not done in this case, and no evidentiary hearing was held. Because the trial court's ruling rested necessarily on its taking judicial notice of un-

4. Domestic judgments, on the other hand, can be judicially noticed. *See Besing v. Smith,* 843 S.W.2d 20, 21 (Tex.1992); *Langdale v. Villamil,* 813 S.W.2d 187, 190 (Tex.App.-Houston [14th Dist.] 1991, no writ). But here, we have no indication that the trial court's review of the records of the county court at law was limited to just a judgment, or

even that the court's review necessarily *included* any judgment. The appellate record is simply silent on that question. And we cannot conclude, based on the spare record before us, that the trial court could have learned from a judgment alone that Wilson's April 26, 1993, arrest actually resulted in a conviction.

specified court records from another court,[5] dispensing with an evidentiary hearing on Wilson's petition was error.

Ordinarily, we presume the records not made a part of the appellate record support the trial court's decision. *See State v. Pierce*, 816 S.W.2d 824, 831 (Tex.App.-Austin 1991, no writ). But, because the trial court's judgment was rendered without properly taken judicial notice and without an evidentiary hearing, it was error.

We reverse the judgment and remand this matter to the trial court for a hearing in accordance with this opinion.

---

**5.** The judgment denying the expunction finds that, on July 20, 1993, in cause number 93–589, Wilson was convicted of misdemeanor escape based on his guilty plea. The trial court further finds in its judgment that the offense in question occurred March 26, 1993, and that Wilson was arrested for it April 26, 1993, matching it to the arrest date and charge furnished by Wilson in his petition for expunction. If those findings are justified, Wilson is not entitled to his requested expunction. But Wilson is entitled to a hearing.