# NO. 12-08-00257-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VICTOR J. CANTY,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Victor J. Canty appeals the trial court's order denying his petition for expunction of criminal records. In one issue, Canty argues that the trial court erred by denying his petition without holding a hearing. We affirm.[1]

### BACKGROUND[2]

Canty was arrested on August 20, 1996 for assaulting a public servant. On March 27, 1997, Canty was charged by indictment with the offense. The indictment was dismissed on October 5, 1999.

---

[1] The State has not filed a brief. We do not make arguments for parties, and so we examine Canty's argument for obvious defects and also consider the reasoning set forth by the trial court. *See* ***Archer v. Tex. Dep't of Criminal Justice-Institutional Div.***, No. 12-07-00012-CV, 2008 WL 1735168, at *1 n.1 (Tex. App.–Tyler Apr. 16, 2008, no pet.). Ordinarily, we would also consider the arguments made by the State before the trial court. *See id.* However, the State never reached the point of making arguments at the trial court level. Additional arguments may exist to support dismissal that have not been considered in this opinion.

[2] The facts set forth in our opinion have been gleaned from Canty's amended petition and the trial court's order. Our opinion should not be construed as an evaluation of the veracity or merits of any allegation made by Canty in this expunction proceeding.

On July 13, 2007, Canty filed a petition for expunction. He filed an amended petition for expunction on January 16, 2008. Canty alleged that he was entitled to expunction "pursuant to the **Texas Code of Criminal Procedure, Articles 55.01(a)(2)(A)(i), 55.01(a)(2)(B), (C),** and **55.02(2)(a)**." On April 24, 2008, Canty filed a motion in the trial court stating that adequate time to set an expunction petition hearing had passed and requesting that the trial court set an expunction petition hearing. In response, on May 15, 2008, the trial court made the following notation in the docket:

> Considered [Canty's] request for hearing [on] expunction under Chp 55 - Tx Code of Criminal [P]rocedure[.] [Canty is] not entitled to expunction under [the] Chp 55 statutory requirements for obtaining an expunction [because those requirements are] not present[.] [N]o action taken[.]

On June 11, 2008, Canty, believing the trial court had denied his petition, filed a notice of appeal. On July 22, 2008, the trial court signed a written order denying the petition. The trial court stated in the order that

> [t]he Court finds that [Canty] is not entitled to an expunction under Chapter 55 of the Texas Code of Criminal Procedure[]. [Canty] failed to comply with the statutory requirements for obtaining an expunction.
>
> Accordingly and pursuant to Chapter 55 of the Texas Code of Criminal Procedure[], the petition as filed is denied. It is hereby, ORDERED, ADJUDGED AND DECREED that the request of [Canty] is denied.

This appeal followed.


<u>**DENIAL OF PETITION WITHOUT ORAL HEARING**</u>

In one issue, Canty argues that "[t]he trial court erred in denying [him] a hearing on his expunction petition prior to ruling on [the] merits [of this petition.]"

**<u>Standard of Review</u>**

Expunction proceedings are authorized by chapter 55 of the Texas Code of Criminal Procedure and are considered civil causes of action. *See Ex parte Wilson*, 224 S.W.3d 860, 862 (Tex. App.–Texarkana 2007, no pet.). We review a trial court's decision whether to hold an oral chapter 55 expunction hearing under an abuse of discretion standard of review. *See id.* at 863-64 (conducting such a review); *see also State v. Taylor*, 266 S.W.3d 553, 555 (Tex. App.–Tyler 2008,

pet. denied). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. ***K-Mart Corp. v. Honeycutt***, 24 S.W.3d 357, 360 (Tex. 2000).

In conducting an abuse of discretion review, we examine the entire record. ***Mercedes-Benz Credit Corp. v. Rhyne***, 925 S.W.2d 664, 666 (Tex.1996). "The mere fact that a trial judge may decide a matter within [her] discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 242 (Tex. 1985). However, a trial court has no discretion in determining what the law is or applying the law to the facts. ***Spitzer v. Berry***, 247 S.W.3d 747, 750 (Tex. App.–Tyler 2008, pet. denied).

**Discussion**

Canty was entitled to a hearing under chapter 55. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (Vernon Supp. 2008) ("The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing . . . .").[3] However, "[n]ot every hearing called for under every rule of civil procedure necessarily requires an oral hearing, and, unless required by the express language or the context of the particular rule, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *See **Wilson***, 224 S.W.3d at 863. "For example, a trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition." *See **id.*** That information might be available from the pleadings, summary judgment proof, or court records subject to judicial notice. *See **id.***

Here, the record demonstrates that the trial court determined that Canty had not filed an expunction petition satisfying the statutory requirements set forth in chapter 55. Our review of Canty's amended petition shows that Canty failed to set forth "the date the offense charged against [Canty] was alleged to have been committed," information that Canty was statutorily required to allege. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(b)(3) (Vernon Supp. 2008). Addressing

---

[3] Because it is unnecessary to do otherwise, we have cited to the most current version of chapter 55 in this opinion.

3

this and other required information, chapter 55 commands that "[t]he [expunction] petition . . . shall include the following or an explanation for why one or more of the following is not included." TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(b) (Vernon Supp. 2008). Having at its disposal Canty's amended petition, the trial court had everything it needed to determine whether Canty had included this information. *See Wilson*, 224 S.W.3d at 863.

The right to an expunction is neither a constitutional nor a common law right, but rather, a statutory privilege. *See Quertermous v. State*, 52 S.W.3d 862, 864 (Tex. App.–Fort Worth 2001, no pet.). Where a cause of action is created by statute, all statutory provisions are mandatory and exclusive, and must be complied with in order to sustain the action. *See id.* Therefore, Canty could not be entitled to relief under chapter 55 when he failed to set forth in his petition the statutorily required information. *See id.* at 864-65 (reaching a similar conclusion regarding jurisdiction). We hold that the only hearing required under these circumstances was a trial court review of Canty's pleadings. *See Wilson*, 224 S.W.3d at 863. Because the record reflects that the trial court conducted such a review, we also hold that the trial court did not abuse its discretion when determining the type of hearing appropriate to the case. *See Honeycutt*, 24 S.W.3d at 360. We overrule Canty's sole issue.

## DISPOSITION

We *affirm* the order of the trial court.

   SAM GRIFFITH
Justice

Opinion delivered April 15, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4