**AFFIRM; Opinion Filed April 9, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00046-CV

## EX PARTE CHARLES RAY MASON

**On Appeal from the Criminal District Court**
**Dallas County, Texas**
**Trial Court Cause No. X06-310-H**

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

Charles Ray Mason appeals the trial court's order granting the State's motion for summary judgment and denying his petition for expunction. In three issues, appellant generally contends the trial court's ruling was error. We affirm.

In March 2006, appellant filed a petition to expunge records related to a 1983 burglary charged in cause number F83-A0584-LP. Appellant alleged that he was "served with a copy of his indictment in Cause No. F83-A0584-LP, in lieu of formal arrest" on October 27, 1983. He further alleged he was reindicted under cause number F83-94214-LP, was convicted by a jury, and sentenced to life in prison; then, the indictment in F83-A0584-LP was dismissed.

The Dallas County District Attorney's Office, on behalf of all law enforcement agencies of Dallas County, filed a general denial to the petition. In addition, the Texas Department of

Criminal Justice filed an opposition seeking the denial of appellant's petition. Appellant filed "objections" to both the TDCJ's opposition and to the DA's general denial.

For reasons not apparent in the record, nothing happened on the case until August 2010 when the State filed its motion for summary judgment. In the motion, the State moved on the ground that appellant was not entitled to expunction because he had been convicted of a felony in the five years preceding the date of his arrest for the instant burglary. Attached to the motion were documents establishing appellant's December 11, 1978 conviction for felony theft. Appellant did not respond. On September 17, 2010, the trial granted the motion and denied the expunction.

The State was entitled to summary judgment if it established there was no issue of material fact and appellant was not entitled to expunction as a matter of law. *See* TEX. R. CIV. P. 166a(c). Expunction proceedings are authorized by Chapter 55 of the Texas Code of Criminal Procedure and are considered civil causes of action. *See McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). A petitioner is entitled to expunction only on proof satisfying each statutory requirement. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)

This appeal is governed by a former version of article 55.01 of the Texas Code of Criminal Procedure. Under the version of article 55.01 in effect at the time appellant's petition was filed and the court granted summary judgment, a person placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor was entitled to have all records expunged if, among other things, he had not been convicted of a felony in the five years preceding the date of the arrest. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1236, § 1, 2003

2

Tex. Gen. Laws 3499, 3499 (former art. 55.01(a)(2)(c)) (amended 2011) (current version at TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2012)).[1]

Appellant's petition asserted he was served with a copy of his indictment in lieu of formal arrest on October 27, 1983. The State's evidence conclusively showed that appellant had previously been convicted on December 11, 1978. Because appellant's conviction was within five years preceding the date of the 1983 arrest, he was ineligible as a matter of law to have the identified records expunged.

Appellant complains he was not given the opportunity to present evidence that his indictment was dismissed because of a lack of probable cause or because it was void. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1236, § 1, 2003 Tex. Gen. Laws 3499, 3499 (former art. 55.01(a)(2)(A)(ii)). In his brief, he makes the bare assertion that he did not receive notice of the summary judgment hearing.

Rule of civil procedure 166a requires a party to serve notice of a summary judgment hearing on opposing counsel at least twenty-one days before the hearing date. TEX. R. CIV. P. 166a(c). Under rule 21a, if notice of the hearing is properly addressed and mailed, postage prepaid, a presumption arises that the notice was properly received by the addressee. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law. *Id.*

---

[1] The Legislature amended the statute in 2011 to delete this requirement. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2012). The enabling legislation provided for an effective date of September 1, 2011 and further provided that the Act "applies to an expunction of arrest records and files for any criminal offense that occurred before, on, or after the effective date of this Act." *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 894, § 3,4, 2011 Tex. Gen. Law 2274, 2276. We do not interpret this language to require retroactive application; rather, we read the language to apply to expunction petitions filed on or after the effective date regardless of when the criminal offense occurred. *See In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006) ("A statute is presumed to be prospective in its operation unless expressly made retroactive."); *Merchants Fast Motor Lines v. Railroad Comm'n of Tex.*, 573 S.W.2d 502, 504 (Tex. 1978) ("[S]tatutes will not be applied retroactively unless it appears by fair implication from the language used that it was the intent of the Legislature to make it applicable to both past and future transactions.").

Here, the State's motion contained a certificate of service stating that a copy of the motion had been served on appellant by depositing it in the U.S. mail, postage prepaid, on August 9, 2010. The certificate contained the correct address. Immediately following the certificate of service was an order setting a hearing date for September 16, 2010. The certificate gave rise to the presumption of proper notice, and appellant did not rebut the presumption with any evidence. Moreover, we note that even if appellant could make the evidentiary showing he complains he was denied making, our result would be no different because appellant still would have been required to show that he had not been convicted of a felony in the five years preceding the date of his arrest and the evidence conclusively proved otherwise. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1236, § 1, 2003 Tex. Gen. Laws 3499, 3499 (former art. 55.01(a)(2)); *see also J.H.J.,* 274 S.W.3d at 806-07.

Finally, to the extent he complains the trial court improperly ruled on his petition without holding a hearing, we disagree. A trial court may rule on an expunction petition without conducting a formal hearing and without considering live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition. *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.). As here, that information might be available by pleadings and summary judgment proof. *Id*. We resolve all issues against appellant.

We affirm the trial court's order granting the summary judgment and denying expunction.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

110046F.P05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE CHARLES RAY MASON,
Appellant

No. 05-11-00046-CV

On Appeal from the Criminal District Court,
Dallas County, Texas
Trial Court Cause No. X06-310-H.
Opinion delivered by Justice Francis;
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the trial court's Order Granting Summary Judgment and Denying Expunction is **AFFIRMED**.

It is **ORDERED** that the DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE recover its costs of this appeal from appellant CHARLES RAY MASON.

Judgment entered April 9, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE