**Reverse and Remand; Opinion Filed June 12, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00248-CV**

## EX PARTE LUAN LE A/K/A JOHN DOE

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. X11-1135-R**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Luan Le a/k/a John Doe, appeals the denial of his petition for expunction. Appellant presents two issues on appeal contending (1) the trial court violated appellant's right to due process by scheduling the hearing with only twenty-four hours' notice and then denied appellant the opportunity to present evidence; and (2) the trial court abused its discretion by denying appellant's petition for expunction and by making unsupported factual findings in favor of the State without permitting appellant the opportunity to present evidence. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

Appellant was arrested and indicted in 2010 for two offenses of aggravated sexual assault of a child. The State later dismissed the indictments. On August 22, 2011, appellant filed a petition for expunction alleging the indictments had been dismissed because the presentment of the indictments was made as a result of "mistake, false information, or other similar reason

indicating an absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void." Appellant also stated he had been released and that the charge had not resulted in a final conviction, was no longer pending, and there was no court-ordered community supervision. Appellant also alleged he had not been convicted of a felony in the five years preceding the arrest. The State generally denied appellant's allegations.

On January 26, 2012, the State filed a motion for protective order and to quash appellant's requested discovery. Attached as evidence to that motion was the State's motion in the criminal cases to dismiss the indictments against appellant. The motion to dismiss explained that the evidence in the State's possession included six months of video from the school the complainant attended and where appellant worked, but the district attorney's office could not review the evidence because the video recorder had broken and was being returned to the manufacturer for repair. The State explained that because of the delay caused by the broken equipment, the district attorney would dismiss the cases until the office completed a thorough investigation of the evidence. The motion to dismiss also stated that the district attorney's office "expressly reserves the right to refile these cases once the investigation is complete."

On January 27, 2012, appellant filed a motion for continuance alleging his counsel had received notice the previous day that the trial court would hold a hearing on January 27 to make a final ruling on the petition for expunction. Appellant argued that the single-days' notice violated the forty-five-days' notice requirement of Texas Rule of Civil Procedure 245 and left him unable to subpoena his witnesses or otherwise coordinate their appearance in court.

At the hearing on January 27, 2012, the trial court summarily denied appellant's motion for continuance. The court then stated there would be no evidentiary hearing on the petition for expunction because the face of appellant's petition and the State's response showed appellant did not meet the statutory requirements for expunction. Appellant objected that the denial of the

–2–

hearing denied him due process. The State's attorney then told the court, "The State's investigation is still active and ongoing which is the reason why we originally opposed the expunction." Appellant stated that if the State put on evidence that the investigation was ongoing, then he wanted to call a witness on that issue because he did not believe the State's investigation was ongoing. The State's attorney stated she would swear as an officer of the court that the district attorney's investigation was active and ongoing. The court asked the State's attorney if it was correct that she stated "the other day" in the presence of appellant's lawyer that she "had just reinterviewed the witness," and she stated that was correct. Appellant asked to cross-examine the State's attorney "since she interjected herself as a witness," and the trial court denied that request. Appellant asked "to make an offer of proof in that regard," and the court denied that request.

That same day, the trial court signed an order denying expunction. In the order, the court stated that "having heard the argument of counsel" the court was "of the opinion that Petitioner is not entitled to an expunction of his arrest records." The court also stated in the order that it found: (a) the limitations period for the offenses had not expired; (b) at the time of the dismissal, there was probable cause to believe appellant committed the alleged offenses; (c) the indictments were dismissed because the State was not ready for trial and not because the indictments were presented due to mistake, false information, or other similar reason indicating a lack of probable cause; and (d) the investigation of the offenses was still an active investigation.

## EXPUNCTION OF RECORDS

In his second issue, appellant contends the trial court abused its discretion by denying his petition for expunction on the basis of unsupported fact findings without affording appellant an opportunity to present evidence. An expunction proceeding is civil in nature, and the petitioner has the burden of proving compliance with the statutory requirements. *Collin Cnty. Criminal*

–3–

*Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no pet.); *Ex parte Jackson*, 132 S.W.3d 713, 715 (Tex. App.—Dallas 2004, no pet.). We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.); *Ex parte Jackson*, 132 S.W.3d at 715. A trial court abuses its discretion if it acts without reference to guiding rules and principles or if its actions are arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The trial court errs if it rules on a petition for expunction without a hearing where one is required. *Ex parte Wilson*, 224 S.W.3d at 863.

Section 55.01 of the Code of Criminal Procedure provides that a person arrested for commission of a felony is entitled to have the records and files of the arrest expunged if the following conditions exist:

> (A) . . . the indictment or information has been dismissed or quashed, and:
>
> > (i) the limitations period expired before the date on which a petition for expunction was filed . . . ; or
> >
> > (ii) the court finds that the indictment was dismissed or quashed . . . because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
>
> (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for any offense . . . ; and
>
> (C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (amended 2011).[1]

---

[1] Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3010, 3019–20, *amended by* Act of May 27, 2011, 82d Leg., R.S., ch. 690, § 1, 2011 Tex. Gen. Laws 1651, 1651–53, *and* Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 3, 2011 Tex. Gen. Laws 2274, 2274–75 (current version codified at TEX. CODE CRIM. PROC. ANN. art 55.01(a)(2) (West Supp. 2012)). The 2011 amendments changed some of the elements for expunction (e.g., the requirement that the petitioner not have been convicted in the previous five years was deleted). However, none of those changes affects the outcome of this case. The amendments apply "to an expunction of arrest records and files for any criminal offense that occurred before, on, or after the effective date of this Act." 82d Leg., R.S., ch. 690, § 7, 2011 Tex. Gen. Laws 1651, 1655; 82d Leg., R.S., ch. 894, § 3, 2011 Tex. Gen. Laws 2274, 2276. We read this language to mean that the amendments apply only to petitions for expunction

Article 55.02, section 2(c) requires the trial court to set the matter for a hearing no sooner than thirty days after the filing of the petition. *Id.* art. 55.02, § 2(c) (West. Supp. 2012). However, an expunction proceeding does not necessarily require a formal hearing. A trial court may rule on an expunction petition without permitting live testimony if the court has all the information necessary to resolve the issues raised by the petition. *Ex parte Wilson*, 224 S.W.3d at 863. That available information would include the pleadings, summary judgment proof, and judicial notice of facts. *Id.*

In this case, the trial court did not permit the parties to present evidence at the hearing, and there was no summary judgment proof. The trial court stated at the hearing that the denial of the petition for expunction was based "on the face of the petition and the State's reply." The written order denying the petition states the court "heard the argument of counsel," but the order does not mention the court heard or considered any evidence. Therefore, any evidence on which the trial court based its ruling had to come from the pleadings and judicial notice. Before courts can take judicial notice of facts, those facts cannot be seriously subject to debate and must be easily ascertainable. *Id.*; *see* TEX. R. EVID. 201(b).

At the hearing, the trial court stated it denied expunction because "on the face of your petition and the State's reply, you do not . . . meet the statutory requirements for an expunction." Appellant pleaded the statutory requirements, and the State's reply consisted of only a general denial. If appellant had proved the elements he pleaded, he would have been entitled to expunction, so the trial court's stated reason at the hearing does not support the denial of expunction without permitting appellant the opportunity to present evidence.

---

filed on or after the effective date regardless of when the criminal offense occurred. *Ex parte Mason*, No. 05-11-00046-CV, 2013 WL 1456632, at *1 n.1 (Tex. App.—Dallas Apr. 9, 2013, no pet. h.) (mem. op.). Appellant filed his petition for expunction before the amendments' effective date. Accordingly, we do not apply the 2011 amendments.

In the order denying expunction, the trial court found "the limitations period for the offenses involved in this expunction proceeding ha[d] not expired." Aggravated sexual assault of a child does not have a limitations period. *See* CRIM. PROC. art. 12.01, § 1(B) (West Supp. 2012). However, the lack of expiration of limitations does not affect appellant's right to expunction if he can prove the dismissal of the indictments was due to lack of probable cause to believe he committed the offenses. *See id.* art. 55.01(a)(2)(A)(i), (ii) (elements of expiration of limitations and lack of probable cause separated by "or").

The trial court also found that at the time of the dismissal of the indictments, there was probable cause to believe appellant committed the alleged offenses. On appeal, the State asserts that this finding was supported by the State's telling the court and appellant's counsel during an informal discovery conference "that the State's criminal investigation was ongoing, that the child victim had been re-interviewed, and that the victim re-identified appellant as his abuser." There is no record of the statements at the discovery conference. These statements were not easily ascertainable, and they appeared to be seriously subject to debate. Thus, they were not facts of which the trial court could take judicial notice. Moreover, the only support for these statements in the record is the State's attorney's statements at the non-evidentiary hearing that the State's investigation was ongoing and the State had re-interviewed the complaining witness. The record contains no support for the statement in the State's brief, "the victim re-identified appellant as his abuser." Without support in the record for that statement, the record does not support the trial court's finding there was probable cause at the time of the dismissals to believe appellant committed the alleged offenses. The State's attorney's statement that the complainant had been re-interviewed, standing alone, does not support the trial court's finding that there was probable cause to believe when the indictments were dismissed that appellant committed the offenses.

The trial court also found "the indictments were dismissed because the State was not ready for trial and not because the indictments were presented due [to] mistake, false information, or other similar reason indicating a lack of probable cause." The State's motion to dismiss the indictments may tend to show the dismissals were not "because of mistake, false information, or other similar reason indicating absence of probable cause," but the motion to dismiss was not in evidence before the court. No evidence was admitted at the hearing, and the only copy of the motion to dismiss in the record was an unsworn and uncertified copy attached to the State's motion to quash discovery. No one requested the trial court to take judicial notice of the motion to dismiss, and nothing in the record indicates the trial court took judicial notice. Moreover, the contents of an unauthenticated or uncertified record from another court is not the type of evidence of which the court can take judicial notice.[2] *See Ex parte Wilson*, 224 S.W.3d at 863 ("Judicial records . . . from a domestic court other than the court being asked to take judicial notice, have not been deemed so easily ascertainable that no proof is required; they are to be established by introducing into evidence authenticated or certified copies, respectively, of those records.").

The State argues on appeal that the trial court's finding that probable cause existed when the indictments were dismissed was supported by affidavits attached to appellant's motion for continuance. In these affidavits, witnesses describe evidence on which the State's case was based. However, these affidavits were not offered into evidence on the petition for expunction, they were not mentioned at the hearing, and nothing in the record shows the trial court considered them in denying the petition for expunction. Nothing in the record shows the trial

---

[2] The petition for expunction was filed in the 265th District Court, and the motion to dismiss the indictments was filed in Dallas County Criminal District Court No. 3.

court considered any evidence that would support finding "there was probable cause to believe the petitioner committed the offenses alleged."

The trial court also found that denial of the petition for expunction was appropriate because the State dismissed the indictments for the reasons that the State was not ready for trial and the investigation was still ongoing. However, these are not appropriate reasons to deny an expunction when the petitioner has met the requirements for an expunction under article 55.01. Article 55.02, section 4(a) of the Code of Criminal Procedure provides for a partial expunction in this situation:

> If the state establishes that the person who is the subject of an expunction order is still subject to conviction for an offense arising out of the transaction for which the person was arrested because the statute of limitations has not run and there is reasonable cause to believe that the state may proceed against the person for the offense, the court may provide in its expunction order that the law enforcement agency and the prosecuting attorney responsible for investigating the offense may retain any records and files that are necessary to the investigation.

CRIM. PROC. art. 55.02, § 4(a). If appellant had proved his entitlement to expunction under article 55.01, the fact that the State still intended to re-indict and prosecute him would not permit the trial court to deny appellant at least a partial expunction.

Based on the record before us, the trial court did not have all the information before it necessary to rule on appellant's petition for expunction. Accordingly, the court erred by denying the petition for expunction without an evidentiary hearing and without permitting appellant an opportunity to prove his entitlement to expunction. *See Ex parte Wilson*, 224 S.W.3d at 863–64 ("[N]o evidentiary hearing was held. Because the trial court's ruling rested necessarily on its taking judicial notice of unspecified court records from another court, dispensing with an evidentiary hearing on Wilson's petition was error." (Footnote omitted.)). We sustain appellant's second issue.

We reverse the trial court's judgment and remand the cause for further proceedings.

/Lana Myers/

LANA MYERS
120248F.P05                                                        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE LUAN LE A/K/A JOHN DOE

No. 05-12-00248-CV       V.

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. X11-1135-R.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings
.

It is **ORDERED** that appellant LUAN LE A/K/A JOHN DOE recover his costs of this appeal from appellee DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE.
.


Judgment entered this 12th day of June, 2013.


/Lana Myers/
LANA MYERS
JUSTICE