# NO. 12-12-00362-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

| | § | APPEAL FROM THE 4TH |
|---|---|---|
| IN RE: | | |
| | § | JUDICIAL DISTRICT COURT |
| STACY LYNN SMITH | | |
| | § | RUSK COUNTY, TEXAS |

### *MEMORANDUM OPINION*

Stacy Lynn Smith appeals from the denial of his petition for expunction. In one issue, Smith contends the trial court erred in denying his petition without conducting a hearing as required by the code of criminal procedure. We reverse and remand.

## DENIAL OF EXPUNCTION

In his sole issue, Smith contends that the trial court abused its discretion by denying his petition for expunction without conducting a hearing when there were no facts available to the trial court for the determination of the petition.

### Facts

Smith's petition for expunction states that, on April 14, 1992, he was charged with the offense of indecency with a child in cause number CR-92-133 in the Fourth Judicial District Court of Rusk County. The charge was dismissed because it alleged the same offense as that charged in cause number CR-92-231. His petition alleges that cause number CR-92-231 was then dismissed and taken into account in his sentencing on another unspecified offense.

### Standard of Review

A trial court's ruling on a petition for expunction is reviewed under an abuse of discretion standard. *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.–Texarkana 2007, no pet.); *Heine v. Texas Dep't of Pub. Safety,* 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). However, a "trial court has no discretion in determining what the law is or applying the law to

the facts," and, therefore, abuses its discretion if it misinterprets or misapplies the law. ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992).

## Applicable Law

Article 55.01 of the code of criminal procedure provides a right to the expunction of criminal records under limited circumstances. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2012). A petitioner is entitled to expunction only on proof of satisfaction of each statutory requirement. ***Ex parte Wilson***, 224 S.W.3d at 862. The trial court is required to set a hearing on the matter no sooner than thirty days from the filing of the petition. TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c) (West Supp. 2012). However, such a hearing does not necessarily have to be an oral hearing. ***Ex parte Wilson***, 224 S.W.3d at 863. If all of the facts necessary to determine the issues in an expunction hearing are available to the trial court in the pleadings, affidavits, or a judicially noticeable record, an oral hearing is not mandatory. ***Id***.

An expunction proceeding is civil rather than criminal in nature, and, consequently, the burden of proving compliance with the applicable statute is on the petitioner rather than the state. ***McCarroll v. Tex. Dep't of Pub. Safety***, 86 S.W.3d 376, 378 (Tex. App.–Fort Worth 2002, no pet.). If the petitioner demonstrates that he has satisfied each of the requirements under the statute, the trial court must grant the expunction petition. ***T.C.R. v. Bell Cnty. Dist. Attorney's Office***, 305 S.W.3d 661, 664 (Tex. App.–Austin 2009, no pet.); ***Heine***, 92 S.W.3d at 648.

## Discussion

The record in this case indicates only that the trial court sent Smith a letter denying his petition for expunction "after reviewing [Smith's] motion." There is nothing in the record to evidence that a hearing was held. The trial court's letter to Smith does not state a basis for the court's denial of the motion for expunction. And nothing in the record indicates that all of the facts necessary to determine the issues in an expunction hearing were available to the trial court. *See* ***Ex parte Wilson***, 224 S.W.3d at 863 (judgment denying expunction referred to records trial court had considered).

The hearing required by Article 55.02(c) is mandatory. ***Id***. at 862. Therefore, the trial court abused its discretion in not conducting a hearing on the petition. Smith's sole issue is sustained.

<u>**DISPOSITION**</u>

Having sustained Smith's sole issue, we ***reverse*** the judgment denying expunction and ***remand*** the cause for a hearing on Smith's petition.

<u>**BILL BASS**</u>
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

## NO. 12-12-00362-CV

**IN RE: STACY LYNN SMITH**

Appeal from the 4th Judicial District Court
of Rusk County, Texas. (Tr.Ct.No. 2012-219)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*