**Affirm and Opinion Filed July 29, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00576-CV**

**EX PARTE: JESSE P. SKINNER**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. X11-1264-K**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Bridges

Jesse P. Skinner appeals the trial court's summary judgment in favor of the State on appellant's petition for expunction. In three issues, appellant argues the trial court erred in granting summary judgment, failing to hold a hearing on his "affidavit for continuance," and "granting summary judgment purporting to be a final judgment." We affirm the trial court's judgment.

In September 1991, appellant was convicted of murder in cause number F-91-01803-IH and sentenced to life in prison. In September 2011, appellant filed a petition seeking expunction of all records and files in cause number F-91-01803-IH. The State filed a motion for summary judgment on the ground that arrests resulting in a conviction are excluded from eligibility for expunction under article 55.01(a)(2) of the code of criminal procedure. The trial court granted the State's motion for summary judgment, and this appeal followed.

In three issues, appellant argues the trial court erred in granting summary judgment and in failing to hold a hearing to determine if he had been given the opportunity for discovery as asserted in his motion for continuance. Appellant argues further that the trial court's order granting summary judgment erroneously contained a "Mother Hubbard" clause "that did not finalize all claims against all parties."

Under limited circumstances, a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged. TEX. CODE CRIM. PROC. ANN. art. 55.01(West Supp. 2012). However, the person seeking expunction must show, among other things, that he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor. *Id.* § 55.01(a)(2).

The State was entitled to summary judgment if it established there was no issue of material fact and appellant was not entitled to expunction as a matter of law. TEX. R. CIV. P. 166a(c). An expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the applicable statute is on the petitioner rather than the state. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.).

Here, the State presented appellant's final conviction for murder in cause number F-91-01803-IH, the only offense identified in appellant's petition. The code of criminal procedure does not provide for the expunction of records of a case that resulted in a conviction and for which a petitioner is currently serving a life sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(West Supp. 2012). Thus, by establishing appellant was convicted and sentenced in cause number F-91-01803-IH, the State established appellant was not entitled to expunction as a matter

–2–

of law. *See* TEX. R. CIV. P. 166a(c). To the extent appellant complains the trial court improperly ruled on his petition without holding a hearing, we note a trial court may rule on an expunction petition without conducting a formal hearing and without considering live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition. *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.).

Finally, appellant appears to complain that his assertion that "false information" must be "removed from his (TDCJ Classification) files" was not addressed in the trial court's order granting summary judgment. Thus, appellant argues, the summary judgment did not dispose of every pending claim, and the trial court erroneously contains a "Mother Hubbard" clause that nevertheless "did not finalize all claims against all parties." As noted previously, the only offense identified in appellant's petition is his murder conviction in cause number F-91-01803-IH. A petition for expunction must contain, among other things, the offense charged, the date the petitioner was arrested, and the case number and court of offense. TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(b) (West Supp. 2012). We conclude the trial court did not err in limiting the expunction proceeding to a consideration of appellant's claims regarding his murder conviction in cause number F-91-01803-IH and taking no apparent action on appellant's claims concerning "false information." *See id.* We overrule appellant's issues.

We affirm the trial court's judgment.

/David L. Bridges/

DAVID L. BRIDGES

120576F.P05

JUSTICE

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE: JESSE P. SKINNER,

No. 05-12-00576-CV

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. X11-1264-K.
Opinion delivered by Justice Bridges.
Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal
from appellant JESSE P. SKINNER.

Judgment entered July 29, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE