# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-12-00384-CV

---

**R. L. M.**

**v.**

**The State of Texas**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. D-1-EX-12-000286, HONORABLE DAVID CRAIN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

R.L.M., an inmate appearing pro se, appeals the district court's denial of his petition for expunction. Because R.L.M. did not receive notice of the hearing on his petition for expunction, we will reverse the district court's order denying the petition and remand the cause for further proceedings.

## BACKGROUND

On April 4, 2012, R.L.M. filed a petition for expunction in the district court, pursuant to chapter 55 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 55.01-.06 (expunction of criminal records). In his petition, R.L.M. sought expunction of records related to his 1999 arrest and indictment for capital murder. R.L.M. asserted that he was entitled to expunction because the charges had been dismissed by the State when, pursuant to a plea bargain with the State, he pleaded guilty to a lesser charge. Simultaneously with his petition, R.L.M. filed a motion for

hearing by conference call, explaining that he is incarcerated and would be unable to personally appear before the court.

On the same day that R.L.M. filed his petition and motion, the district clerk set R.L.M.'s petition for a hearing on June 21, 2012. In response, R.L.M. filed another motion for hearing by conference call. Again, R.L.M. explained to the court that as a consequence of his incarceration, he would be unable to appear personally at the June 21 hearing and requested that he be allowed to participate in the hearing by telephone.

For reasons that do not appear in the record before us, the district court did not hear R.L.M.'s petition on June 21, 2012. Instead, the court heard the cause on May 24, 2012. Without ruling on R.L.M.'s motions to participate by telephone, and despite the fact that neither R.L.M. nor any representative from the State was present at the hearing, the court proceeded to consider the cause and deny R.L.M.'s petition.

Raising four issues on appeal, R.L.M. challenges the court's judgment. In his first and second issues, R.L.M. challenges the district court's substantive determination that he is not entitled to expunction. In his third and fourth issues, R.L.M. challenges the procedural circumstances under which the court ruled on his petition. We will first consider R.L.M.'s procedural challenges.

**ANALYSIS**

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all information about the arrest removed from the State record if he meets the statutory requirements set out in article 55.01 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 55.01; *Texas Dep't of Public Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin

2

2010, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege, and the petitioner bears the burden of demonstrating that each of the required statutory conditions have been met. *Nail*, 305 S.W.3d at 674; *Ex parte Wilson*, 224 S.W.3d 860, 862 (Tex. App.—Texarkana 2007, no pet.). We review a trial court's decision granting or denying a petition for expunction for an abuse of discretion. *See Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

Article 55.02 of the Code of Criminal Procedure sets forth the procedures for obtaining expunction. *See* Tex. Code Crim. Proc. art. 55.02. These include a requirement that the trial court "set a hearing" on the petition and "give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing." *See id*. art. 55.02, § 2(c). However, article 55.02 does not necessarily require that the court conduct an oral hearing. *Ex parte Wilson*, 224 S.W.3d at 863; *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ).[1] A trial court may rule on an expunction petition without conducting an oral hearing and without the consideration of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition. *Ex parte Wilson*, 224 S.W.3d at 863.

---

[1] In *Gulf Coast Investment Corporation v. NASA 1 Business Center*, the Texas Supreme Court held that an oral hearing was required on a motion to reinstate under rule 165a of the Texas Rules of Civil Procedure. 754 S.W.2d 152, 153 (Tex. 1988). In doing so, the court recognized that not every hearing called for under every rule of civil procedure necessarily requires an oral hearing, and, unless required by the express language or the context of a particular rule, the term "hearing" does not necessarily contemplate a personal appearance before the court or an oral presentation to the court. *Id*. Rule 165a requires that the court "set a hearing on the motion [to reinstate] as soon as practicable" and "notify all parties or their attorneys of record of the date, time and place of the hearing." Tex. R Civ. P. 165a(3). Although article 55.02 requires the court to set a hearing and give notice, similar to rule 165a, it does not require notice of "the date, time, and place." *Compare* Tex. R. Civ. P. 165a(3), *with* Tex. Code Crim. Proc. art. 55.02, § 2(c). Thus, unlike rule 165a, the express language of article 55.02 does not necessarily contemplate an oral hearing.

3

In his fourth issue, R.L.M. argues that the district court abused its discretion when it changed the date of the hearing without notifying him of the changed date. A party who has appeared in a case is entitled to notice of a trial setting as a matter of due process under the Fourteenth Amendment to the Federal Constitution. *LBL Oil v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstance, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-85 (1988).

A hearing on an expunction petition is a civil proceeding and implicates the notice requirements generally applicable to civil trial proceedings. *See Jones v. Texas Dep't of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ) (explaining that petition for expunction is civil proceeding and "notice requirements of Tex. R. Civ. P. 245 are in issue"). Consequently, while a trial court can, under the proper circumstances, dispense with the necessity of a formal hearing on a petition for expunction under article 55.02, it cannot deprive a petitioner of his right to notice of the statutorily required "hearing" altogether.

In this case, the district court, on its own motion, set R.L.M.'s petition for a hearing on the merits of his entire case. The record on its face demonstrates that R.L.M. did not receive any notice that this hearing was to be held on May 24, 2012. In fact, the only notice sent to R.L.M. informed him that the hearing would be held almost a month later, on June 21. Because the court changed the date of the hearing to an earlier hearing date, without any additional notice to R.L.M., he was deprived of the opportunity to make any argument or objection—including

4

written argument or objection—in support of his expunction claim. *See Heine*, 92 S.W.3d at 650 (noting that "right to be heard includes the opportunity to be heard on questions of law"); *cf. Ex parte Staner*, No. 06-06-00088-CV, 2007 WL 79406, at *5-6 (Tex. App.—Texarkana Jan. 5, 2007, no pet.) (mem. op.) (concluding that court did not err by considering State's motion for summary judgment on expunction hearing without oral hearing when (1) court could determine issues based on pleadings and evidence in the record and (2) inmate had notice and opportunity to file written response and any controverting evidence). Under these circumstances, the court abused its discretion in conducting a hearing on the merits of R.L.M.'s petition for expunction.[2] We sustain R.L.M.'s fourth issue on appeal.[3]

---

[2] Rule 324(b) of the Texas Rules of Civil Procedure provides that a motion for new trial is required to preserve five categories of complaints on appeal: (1) a complaint on which evidence must be heard, (2) a complaint that a jury finding is not supported by factually sufficient evidence, (3) a complaint that a jury finding is against the overwhelming weight of the evidence, (4) a complaint as to damages, or (5) a complaint of incurable jury argument. Tex. R. Civ. P. 324(b)(1). Here, R.L.M.'s complaint that he did not receive notice does not require the presentation of evidence because the lack of notice is apparent from the face of the record. Consequently, none of the five categories of complaints is applicable to R.L.M.'s assertion that he did not receive notice of the expunction hearing.

[3] In his third issue, R.L.M. argues that the district court abused its discretion when it failed to grant his motion for a telephone conference. It is well established that litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). Even when an inmate's personal appearance is not warranted, the court must nevertheless afford the inmate other effective means of participating, such as by conference call. *See Larson v. Giesenschlag*, 368 S.W.3d 792, 797 (Tex. App.—Austin 2012, no pet.)*; see also Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 650 (Tex. App.—Austin 2002, pet. denied). However, because we have concluded that R.L.M. was denied the opportunity to present his side of the dispute in *any* manner when he did not receive notice of the change in the hearing date, we need not decide this issue. Similarly, because we have concluded that the court should not have proceeded on the merits of R.L.M.'s petition without first providing him notice of the hearing date, we do not reach R.L.M.'s first and second issues on appeal, which relate to the district court's decision on the merits.

## CONCLUSION

We reverse the order of the district court and remand this cause for further proceedings consistent with this opinion.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Reversed and Remanded

Filed:   November 27, 2013