

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-18-00381-CV

___

JOHN ALAN CONROY, APPELLANT

V.

SHERIFF CLIFF HARRIS, PECOS COUNTY AND THE PECOS COUNTY SHERIFF'S
DEPARTMENT, APPELLEES

___

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2016-523,428-A, Honorable William C. Sowder, Presiding

___

April 29, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

John Alan Conroy (Conroy) (pro se) sued miscellaneous defendants in a civil action on miscellaneous grounds. The suit arose from his arrest for and ultimate federal conviction of possessing child pornography. Several of the defendants were Sheriff Cliff Harris, Pecos County and the Pecos County Sherriff's office (collectively referred to as Pecos). Pecos moved to dismiss the action under Rule 91a of the Texas Rules of Civil Procedure. The trial court granted the motion and dismissed with prejudice. Through

four issues, Conroy now contends that the trial court erred in granting the motion and denying his request for appointed counsel. We affirm.

The first topic we address is the dismissal of his suit against Pecos. The underlying premise of Conroy's suit concerns the existence of exculpatory information and whether withholding it denied him the constitutional right of due process, which denial may be redressed via a civil action. The purported exculpatory evidence consisted of a video taken by Pecos. The video purportedly memorialized Pecos transporting him upon his arrest. Conroy wanted the video and sued Pecos, alleging that withholding it constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and a denial of his constitutional right to due process.

Again, Pecos moved to dismiss the suit under Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a(1) (stating that a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact). Through its motion, Pecos asserted that Conroy was collaterally estopped from pursuing the action and requested that the trial court take judicial notice of various documents filed in federal actions and various judgments issued by the federal courts entertaining those proceedings. Such courts were located both in and out of Texas.

The trial court at bar convened a hearing on the motion, received into evidence a flash drive containing the aforementioned documents and judgments, and judicially noticed its contents.[1] The hearing eventually resulted in issuance of the dismissal order under attack.

---

[1] Generally, a court may not consider evidence when deciding whether to dismiss under Rule 91a. TEX. R. CIV. P. 91a(6). Its decision must be based solely on the 1) pleadings and 2) exhibits filed in support of those pleadings per Rule 59 of the Rules of Civil Procedure. TEX. R. CIV. P. 91a(6). Pecos knew of this limitation. Furthermore, the federal documents and judgments which Pecos asked the trial court to notice

2

Our procedural rules obligate an appellant to bring forward an appellate record sufficient to show error requiring reversal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Washer v. City of Borger*, No. 07-16-00413-CV, 2018 Tex. App. LEXIS 5929, at *11 (Tex. App.—Amarillo July 31, 2018, no pet.) (mem. op.); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st. Dist.] 2007, no pet.). If that record omits evidence admitted by the trial court, then we presume that the omitted evidence supports the trial court's judgment. *Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727-28 (Tex. App.—Dallas 2014, no pet.) (quoting *In re Estate of Arrendell*, 213 S.W.3d 496, 503 (Tex. App.—Texarkana 2006, no pet.)); *accord Crown Life Ins. Co. v. Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991) (holding that absent a complete record on appeal, it must presume the omitted depositions supported the trial court's judgment). Additionally, without a complete record, we also conclude that the appellant waived points of error or issues dependent on the state of the evidence. *Washer*, 2018 Tex. App. LEXIS 5929, at *12.

The flash drive tendered by Pecos and accepted by the trial court does not appear within the appellate record. Thus, its contents are also missing from the appellate record. This means that the record is incomplete. Consequently, we presume the missing information supported the trial court's decision to dismiss and conclude that appellant waived his complaint regarding dismissal with prejudice.[2]

---

were not part of Conroy's pleadings or exhibits. Nevertheless, it invoked a federal rule of civil procedure to justify its decision to proffer them as part of the Rule 91a motion. The legitimacy of that tactic is not something we need consider since Conroy did not complain about it on appeal.

[2] To the extent one may wonder why we merely do not take judicial notice of the same federal documents and judgments, the answer is simple. Judicial records from another state and records from a domestic court other than the court being asked to take judicial notice have not been deemed so easily ascertainable that no proof of them is required *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.). So, they must be established by introducing into evidence authenticated or

We also observe that the obligation to disclose exculpatory information under *Brady v. Maryland* may implicate the due process clause of the United States Constitution. *Matthew v. Johnson,* 201 F.3d 353, 360 (5th Cir. 2000). Yet, it has been explained that a *Brady* violation "is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt." *Id.* at 361-62. Given that, it has also been held that "the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation." *Id.* Indeed, a guilty plea bars a defendant from urging a *Brady* violation. *United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009). Conroy's federal conviction arose from his plea of guilty. There was no trial. So, per *Matthew* and *Conroy*, his purported *Brady* claim is nonexistent. In other words, it does not amount to a constitutional violation. Thus, his civil suit to redress a constitutional violation which actually is not a constitutional violation could be said to be groundless per Rule 91a. So, it was subject to dismissal under that Rule.

As for the issue regarding appointed counsel, various statutes require the appointment of counsel in a civil case. We know of none applicable here. Yet, the trial court still has the discretion to appoint counsel if it chooses. But, a refusal to do so is not an abuse of discretion when the indigent party fails to demonstrate why the public and private interests at stake are so exceptional that the administration of justice is served by the appointment. *Fairfax v. Smith*, No. 07-09-0321-CV, 2010 Tex. App. LEXIS 1816, at *2-3 (Tex. App.—Amarillo Mar. 16, 2010, no pet.) (mem. op.). While Conroy suggests

---

certified copies of them. *Id.*; *accord Laflamme v. State*, No. 04-15-00806-CR, 2017 Tex. App. LEXIS 5393, at *3-4 (Tex. App.—San Antonio June 14, 2017, pet. ref'd) (mem. op., not designated for publication) (holding that a court will take judicial notice of another court's records if a party provides evidence of the records, such as through proper authentication or certification). Without the certified or authenticated documents and judgments filed with and issued by the federal courts in question (including that from Illinois), we merely cannot judicially notice them.

that his circumstance presents an exceptional case given his imprisonment and supposed lack of access to legal resources like a law library, we disagree. Being an inmate alone is not enough. *Id.* That his appellate brief contains a plethora of citation to legal authority also tends to belie his suggestion he cannot access such authority. And, as said above, his claim against Pecos is groundless given the absence of a constitutional violation. So, we cannot say his circumstances were or are those which make the decision to deny counsel an abuse of discretion.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Campbell, J., concurring in judgment only.