# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00373-CV

**V. E., Appellant**

**v.**

**Travis County District Attorney, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. D-1-EX-11-000853, HONORABLE LEON J. GRIZZARD, JUDGE PRESIDING

## O P I N I O N

V.E. appeals from the district court's denial of his petition for expunction. We will affirm the district court's denial of the petition for expunction.

## Background

In 2006, V.E. was arrested and charged with the felonies of aggravated assault with a deadly weapon and burglary of a habitation.[1] During the arrest, police officers discovered that V.E. had a switchblade knife attached to his belt, so he was also charged with possession of a prohibited weapon, a Class B misdemeanor.[2] The two felonies were later dismissed when the victim of the

---

[1] *See* Tex. Penal Code §§ 22.02, 30.02 (Aggravated Assault, Burglary).

[2] *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 46.05(a)(5), 1993 Tex. Gen. Laws 3586, 3688. The Legislature amended this provision in 2013 by eliminating "switchblade knife" from the list of prohibited weapons. *See* Act of May 22, 2013, 83d Leg., R.S., ch. 960, § 1, sec. 46.05(a) (codified at Tex. Penal Code § 46.05).

crime could not be located. The misdemeanor charge related to the switchblade knife was dismissed in exchange for V.E.'s agreement to forfeit the knife and his negotiated plea to a Class C misdemeanor conviction for disorderly conduct.[3]

Thereafter, V.E. filed a petition for expunction under Chapter 55 of the Texas Code of Criminal Procedure.[4] In his petition, V.E. sought to expunge "any and all records arising out of the [2006] arrest," and he asserted that he was entitled to expunction because he met all of the statutory requirements under article 55.01(a)(2). The Travis County District Attorney filed a special exception, arguing that V.E.'s petition failed to meet the statutory expunction requirements. Specifically, the State argued that, because the 2006 arrest had ultimately resulted in a conviction for disorderly conduct, V.E. could not meet the statute's requirement that "the charge, if any, has not resulted in a final conviction."[5]

The district court ordered a hearing on V.E.'s petition and referred the matter to a magistrate,[6] who recommended the expunction be denied because V.E.'s arrest had ultimately resulted in a final conviction. After reviewing the record, the district court adopted the magistrate's findings, conclusions, and recommendations, then denied V.E.'s petition for expunction. V.E. appeals this denial.

---

[3] *See* Tex. Penal Code § 42.01 (Disorderly Conduct).

[4] *See* Tex. Code Crim. Proc. art. 55.01.

[5] *Id.* art. 55.01(a)(2).

[6] *See* Tex. Gov't Code § 54.976(a)(14) ("A judge may refer to a magistrate any criminal case or matter relating to a criminal case for proceedings involving . . . an expunction.").

**Analysis**

Expunction is a statutory remedy that allows a person who has been arrested to have all information about the arrest removed from the State's records if he meets the requirements set forth in Chapter 55 of the Texas Code of Criminal Procedure.[7] Although article 55.01 is located in the Code of Criminal Procedure, it creates a civil cause of action;[8] thus, the petitioner has the burden of demonstrating the statutory requirements.[9] The trial court has no equitable power to expand the availability of the remedy beyond what the Legislature has provided in the statute.[10] However, if the petitioner shows he has satisfied each of the requirements under article 55.01, the trial court has an obligation to grant the expunction petition.[11]

Applicable here, article 55.01(a)(2) provides that a person who has been arrested for a felony or misdemeanor is entitled to have all records and files related to the arrest expunged if:

> the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community

---

[7] *R.L.M. v. State*, No. 03-14-00451, 2015 WL 4076963, at *1 (Tex. App.—Austin June 30, 2015, no pet.) (mem. op.); *see Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet. denied) (noting expunction is not constitutional or common-law right but purely statutory privilege).

[8] *Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

[9] *Id*.

[10] *Harris Cty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

[11] *See Heine*, 92 S.W.3d 642 at 648.

3

supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . . [12]

In his sole issue, V.E. argues that the phrase "unless the offense is a Class C misdemeanor" should be construed to modify the phrase "the charge" at the beginning of subsection (a)(2), not the phrase "the offense" in the community-supervision clause immediately preceding it. We take his assertion to mean that a person is entitled to expunction even where the charge resulted in a final conviction or court-ordered community supervision, as long as that conviction or supervision was for a Class C misdemeanor. We disagree.

Under a plain-meaning review of this provision,[13] the phrase "unless the offense is a Class C misdemeanor" creates an exception to the community-supervision prohibition for Class C misdemeanors, not to the final-conviction prohibition. Both phrases include the word "offense." If the Legislature had meant for the word "offense" in the "unless" phrase to modify "the charge," it would have used the word "charge," or at least some word other than "offense." By using

---

[12] Tex. Code Crim. Proc. art. 55.01(a)(2).

[13] We review issues of statutory construction de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective in statutory construction is to give effect to the Legislature's intent. *See id.* We seek that intent "first and foremost" in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). "Where text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g) (citing *Shumake*, 199 S.W.3d at 284; *Alex Sheshunoff Mgmt. Servs. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006)). We consider the words in context, not in isolation. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *See Entergy Gulf States, Inc.*, 282 S.W.3d at 437; *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008); *see also* Tex. Gov't Code § 311.011 ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage," but "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

"offense," the Legislature expressed an intent to modify the immediately preceding phrase using that same word.[14]

This is in fact the conclusion we recently reached in *Texas Department of Public Safety v. G.B.E.*, in which we described article 55.01(a)(2) as requiring that:

> (1) the person has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) 'there was no court-ordered community supervision under article 42.12 [of the Texas Code of Criminal Procedure] for *the* offense, unless *the* offense is a Class C misdemeanor.[15]

And having so emphasized the connection between the community-supervision prohibition and the phrase "unless the offense is a Class C misdemeanor," we then pointed out that, "the requirement to show that 'there was no court-ordered community supervision . . . ' *is separate* from the requirement to show that 'the charge, if any, has not resulted in a final conviction.'"[16] To that extent, we have already determined that the phrase "unless the offense is a Class C misdemeanor" modifies only the community-supervision prohibition. V.E.'s argument here contradicts our statutory construction in *G.B.E.*

---

[14] We presume the Legislature selects statutory words, phrases, and expressions deliberately and purposefully. *See Texas Lottery Comm'n v. State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).

[15] 459 S.W.3d 622, 629 (Tex. App.—Austin 2014, pet. denied).

[16] *Id.* (emphasis added).

We also note that this Court has construed article 55.01 to be an arrest-based statute,[17] meaning that "the expunction of a dismissed charge is unavailable when the dismissal results in a final conviction of another charge arising from the same arrest."[18] Stated another way, a petitioner may not have a dismissed charge expunged from his records if the arrest that led to the charge resulted in *any* conviction. Consequently, if a person is arrested and charged with multiple offenses, regardless of whether any of those charges were dropped, he cannot cherry pick records related to that arrest and request they be expunged; the statute requires an all-or-nothing approach to expunction for each arrest.[19] Here, V.E. was charged with three offenses arising from his 2006 arrest. While it is true that the two original felony charges were ultimately dismissed, the unit of expunction remains the arrest, not the individual charges arising from the arrest. Because V.E. was convicted of disorderly conduct (a bargain in exchange for a higher misdemeanor being dismissed), he cannot demonstrate that his arrest did not "result[] in a final conviction" as required by the expunction statute. Thus, the district court did not err in concluding that V.E. did not meet his burden of proof and correctly denied his petition.

We overrule his issue.

---

[17] *See Scaife v. State*, No. 03-14-00274-CV, 2015 WL 3542883, at *2 (Tex. App.—Austin June 3, 2015, no pet.) ("Courts have determined that the expunction statute is 'arrest-based,' meaning that expunction is not an available remedy for less than all of the charges stemming from one arrest."); *S.J. v. State*, 438 S.W.3d 838, 843–46 (Tex. App.—Fort Worth 2014, no pet.) (concluding that Chapter 55's expunction scheme is arrest-based); *see also G.B.E.*, 459 S.W.3d at 630 (cataloguing cases and deciding to "join our sister courts of appeals, which have analyzed the phrase 'results in a final conviction' in the context of multi-charge arrests and unanimously concluded, under similar circumstances, that expungement is unavailable").

[18] *R.L.M.*, 2015 WL 4076963, at *2.

[19] *See Scaife*, 2015 WL 3542883, at *2–3; *S.J.*, 438 S.W.3d at 845–46.

## Conclusion

Having overruled V.E.'s sole issue on appeal, we affirm the district court's denial of the petition for expunction.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   August 17, 2016