# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00114-CV

### Texas Department of Public Safety, Appellant

### v.

### A. M., Appellee

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 15-0104, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety filed a restricted appeal challenging the district court's order for expunction of records relating to A.M.'s arrest for assault on a public servant. In four issues, DPS contends that: (1) A.M. was not entitled to expunction of her arrest records because she served a term of community supervision as a result of her arrest; (2) no evidence supports the expunction order; (3) the district court erred by not holding a hearing; and alternatively, (4) if the court held a hearing, the expunction order must be reversed and the cause remanded for new trial because there was no reporter's record of the hearing. We will reverse the district court's order and render judgment denying A.M. expunction of her records.

**BACKGROUND**

The record reflects that A.M. filed a verified petition in 2015 seeking expunction of all records and files arising from her arrest for assault on a public servant, a third-degree felony.[1] As a result of her arrest for assault on a public servant, A.M. was charged with resisting arrest. A.M. pleaded no contest to the resisting arrest charge and completed two years of deferred adjudication community supervision for that charge. DPS filed an answer generally denying all allegations in A.M.'s petition, demanding proof of her allegations, and contending that A.M. was not entitled to expunction of the records because, among other reasons, she served a term of community supervision as a result of her arrest.

The district court scheduled an August 17, 2016 hearing on A.M.'s petition for expunction. That day, the court signed an order granting A.M.'s petition. The order specifies that the court considered the pleadings, evidence, and documents on file, that the court found it had jurisdiction over the action and the parties, and that all procedural and substantive requirements for expunction of the criminal records were met. Additionally, the bottom of the order contains a signature above a line stating, "Agreed to by District Attorney's Office."

DPS filed a restricted appeal challenging the expunction order. After DPS filed its appeal, the official court reporter for the 22nd District Court filed a written notice stating that there is no reporter's record of the expunction hearing.

---

[1] A.M.'s three-sentence verification identified herself as the petitioner accused of the charges and stated that she had knowledge of the facts in the petition, which were true and correct.

## DISCUSSION

The statutory right to seek an expunction is available only when all statutory conditions have been met. *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). Courts have no power to extend equitable relief beyond the clear meaning of the expunction statute. *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 923 (Tex. App.—Austin 2011, no pet.). A petitioner bears the burden of proving compliance with all statutory requirements for expunction in this civil proceeding. *Id.* To meet the burden of proving compliance with all statutory requirements for expunction of criminal records, a petitioner must provide more than allegations in a verified pleading. *Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.) (noting that "allegations in a petition seeking expunction are not evidence").

### Restricted appeal requirements

To sustain its restricted appeal challenging the expunction order, DPS must prove that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). The face of the record in a restricted appeal consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). Absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. *Id*. at 270; *see Texas Dep't of Pub. Safety v. J.W.D.*, No. 03-14-00101-CV, 2014 Tex. App. LEXIS 13886, at *4-5 (Tex.

App.—Austin Dec. 31, 2014, pet. denied) (mem. op.) (noting that review for error on face of record in appeal of expunction order involves consideration of entire case and encompasses claims of legal and factual insufficiency).  Because the record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's order, and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, only the fourth element of the restricted appeal—i.e., whether there is error on the face of the record—is at issue here.

**Standard of review**

We review a trial court's order granting or denying expunction for abuse of discretion, which generally means that the trial court acted without reference to any guiding rules or principles. *Nail*, 305 S.W.3d at 678 (internal citations omitted).  To the extent an expunction ruling turns on a question of law, we review it de novo because a trial court has no discretion in determining what the law is or applying the law to the facts; a court abuses its discretion if it misinterprets or misapplies the law.  *Id.*

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not.  *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005)).  We sustain a legal sufficiency complaint if the record reveals: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence

4

offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Id*. (citing *Keller*, 168 S.W.3d at 810).

**A.M. was not entitled to order of expunction**

In its first issue, DPS contends that A.M. was not entitled to expunction of her arrest records because she served a term of community supervision as a result of her arrest. The relevant portion of the expunction statute in effect when A.M. filed her petition required proof that:

> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under article 42.12 for the offense, unless the offense is a class C misdemeanor . . . .

*See* Act of May 27, 2011, 82d Leg., R.S., ch. 894, 2011 Tex. Gen. Laws 2275, 2275-76 (amended 2015, 2017) (current version at Tex. Code Crim. Proc. art. 55.01(a)(2)). Thus, under the relevant version of the statute, a petitioner seeking expunction must prove that: (1) she has been released; (2) the charge, if any, did not result in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 for the offense, unless it was a class C misdemeanor. *See T.H. v. Texas Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 Tex. App. LEXIS 10856, at *6 (Tex. App.—Austin Oct. 6, 2016, no pet.) (mem. op.).

Texas courts, including ours, have held that article 55.01 requires an "arrest-based" approach to expunction because it authorizes expunction of records concerning an arrest. *Texas Dep't of Pub. Safety v. J.A.M.*, No. 01-16-00814-CV, 2017 Tex. App. LEXIS 3982, at *5 (Tex. App.—Houston [1st Dist.] May 2, 2017, no pet.) (mem. op.); *T.H.*, 2016 Tex. App. LEXIS 10856,

at *9; *S.J. v. State*, 438 S.W.3d 838, 843-46 (Tex. App.— Fort Worth 2014, no pet.); *Texas Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 479 (Tex. App.—San Antonio 2013, no pet.). "The statute does not address or make allowances for expunction of individual offenses stemming from an arrest." *T.H.*, 2016 Tex. App. LEXIS 10856, at *8 (quoting *Dicken*, 415 S.W.3d at 480). If expunction is not available for all charges stemming from an arrest, it is not available for any of them. *J.A.M.*, 2017 Tex. App. LEXIS 3982, at *5; *V.E. v. Travis Cty. Dist. Attorney*, 500 S.W.3d 652, 655-56 (Tex. App.—Austin 2016, no pet.).

Here, A.M.'s "Deferment of Adjudication" order in the record shows that A.M. was "placed on community supervision for a term of two years" after pleading "Nolo Contendere to the charge [of] resisting arrest," stemming from her arrest for assault on a public servant, a peace officer. A.M. acknowledges that she "did complete deferred adjudication for the resisting arrest charge" but contends that she was entitled to expunction because resisting arrest was not the offense for which she was arrested. However, as we have noted, the expunction statute "does not address or make allowances for expunction of individual offenses stemming from an arrest." *T.H.*, 2016 Tex. App. LEXIS 10856, at *8 (quoting *Dicken*, 415 S.W.3d at 480). Rather, "the statute requires an all-or-nothing approach to expunction for each arrest." *V.E.*, 500 S.W.3d at 656. We conclude that there is error on the face of this record, which shows that A.M. served a term of community supervision for a charge stemming from her arrest for assault on a public servant and that A.M. was not entitled to expunction of records under 55.01(a)(2) for that arrest. We sustain DPS's first issue.

A.M. responds that even if her deferred adjudication community supervision on the resisting-arrest charge rendered her ineligible to expunge records of her arrest for assault on a public

servant, she met the statutory requirements for a "discretionary expunction" recommended to the

district court by a prosecutor under article 55.01(b)(2). *See* Act of May 27, 2011, 82d Leg., R.S., ch.

690, 2011 Tex. Gen. Laws 1653, 1654 (amended 2015, 2017) (current version at Tex. Code Crim.

Proc. art. 55.01(b)(2)). That statute provided, in relevant part, that a district court may follow the

procedure set forth in article 55.02 to expunge all records and files relating to the arrest of a person

for a felony or misdemeanor if:

> (2) an office of the attorney representing the state authorized by law to prosecute the offense for which the person was arrested recommends the expunction to the appropriate district court before the person is tried for the offense, regardless of whether an indictment or information has been presented against the person in relation to the offense.

*Id.* A.M.'s petition filed with the district court does not seek expunction on this basis. But here, she

makes the unsupported argument that because the expunction order was signed as "Agreed to by

District Attorney's Office," the prosecutor "made the recommendation" for expunction. We disagree

that the signature indicating that the prosecutor agreed to the expunction order was, without more,

an affirmative recommendation of expunction to the court under article 55.02(b)(2). *Cf. Texas Dep't

of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 737 (Tex. App.—Corpus Christi 2014, pet. denied)

(affirming expunction order that appellee specifically pleaded for, and trial court specifically granted,

under article 55.01(b)(2) where evidence showed that prosecutor recommended expunction as part

of appellee's plea bargain); *see Bexar Cty. Criminal Dist. Attorney's Office v. Mayo*, 773 S.W.2d

642, 644 (Tex. App.—San Antonio 1989, no writ) (reversing trial court's order of expunction and

7

rejecting appellee's contention that district attorney's signature indicating expunction order was "approved" meant that order was "a consent judgment" or approved as to form and substance).

Further, as noted in DPS's second issue, A.M. had the burden of proving her compliance with all statutory requirements for expunction of criminal records, but she presented no evidence supporting the district court's expunction order. DPS correctly points out that A.M. provided no evidence showing that the prosecutor recommended expunction to the court in accordance with article 55.01(b)(2). *Cf. Ibarra*, 444 S.W.3d at 737 (noting that order of deferred adjudication stated that as part of appellee's plea bargain, prosecutor "recommend[ed] expunction if law allows under 55.01(b)(2)"); *see Ex parte Andrews*, 955 S.W.2d 178, 179-80 (Tex. App.—Waco 1997, no pet.) (concluding that appellee's affidavit and affidavit from former district attorney outlining agreement to expunge records in exchange for plea of no contest was some evidence supporting trial court's agreed order of expunction).

Aside from her verified pleading, A.M. provided nothing to carry her burden of proof on her petition for expunction. *See Ex parte K.R.K.*, 446 S.W.3d at 544 (noting that petitioner seeking expunction order must provide more than just allegations in verified pleading to carry burden of proof); *Texas Dep't of Pub. Safety v. Borhani*, No. 03-08-00142-CV, 2008 Tex. App. LEXIS 7509, at *9 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.) (concluding that there was no evidence supporting trial court's expunction order because "allegations alone in a verified petition, after being put in issue by a general denial, do not constitute proof of those allegations"). The district court's order, which determined that all procedural and substantive requirements for

8

expunction of criminal records were met, is not supported by legally sufficient evidence.  We sustain

DPS's second issue.[2]

## CONCLUSION

We reverse the district court's August 17, 2016 Order for Expunction and render

judgment that A.M. take nothing by her petition.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Reversed and Rendered

Filed:   March 7, 2018

---

[2]  Having sustained DPS's first and second issues, we need not address its remaining appellate issues.