**Affirmed and Opinion filed August 6, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00901-CV

---

## EX PARTE RONALD DARNELL CEPHUS

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1003667**

---

## O P I N I O N

Appellant, Ronald Darnell Cephus, is a *pro se* inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice.[1] He brings this appeal from the denial of his petition for expunction of his criminal records.

---

[1] A jury convicted appellant of robbery, enhanced by a prior conviction for aggravated robbery, sentenced him to confinement for seventy-five years in prison, and assessed a fine of $7,500 on June 29, 2005. This court affirmed his conviction on direct appeal. *See Cephus v. State,* 2006 WL 2862140, No. 14-05-00681-CR (Tex. App.—Houston [14th Dist.] Oct. 10, 2006, pet. ref'd) (mem. op., not designated for publication).

Appellant filed a *pro se* petition for expunction of records pursuant to article 55.01 of the Texas Code of Criminal Procedure. The trial court denied the petition in an order signed August 22, 2012. Appellant then brought this appeal in which he generally complains that the trial court erred in denying the petition. This court struck appellant's initial brief for non-compliance with the briefing rules, and we directed appellant to re-brief. *See* Tex. R. App. P. 38.9. Appellant filed an amended brief, which also does not comply with the Rules of Appellate Procedure. The State asks that we strike the second brief. We have construed the brief liberally, however, and will address appellant's arguments.

The Texas Code of Criminal Procedure provides a right to the expunction of criminal records under certain circumstances, such as an acquittal or pardon. *See* Tex. Code Crim. Proc. art. 55.01. A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving that all statutory requirements have been satisfied. *In re A.G.*, 388 S.W.3d 759, 761 (Tex. App.—El Paso 2012, no pet.). The trial court must strictly comply with the statutory requirements and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We review a court's decision whether to grant an expunction for abuse of discretion. *Ex parte Reed,* 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The legislature intended for article 55.01 to permit the expunction of records of wrongful arrests. *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Article 55.01 of the Code of Criminal Procedure provides in pertinent part as follows:

(a) A person who has been placed under a custodial or noncustodial

2

arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c); or

(B) convicted and subsequently

(i) pardoned for a reason other than that described by Subparagraph (ii); or

(ii) pardoned or otherwise granted relief on the basis of actual innocence with respect to that offense, if the applicable pardon or court order clearly indicates on its face that the pardon or order was granted or rendered on the basis of the person's actual innocence; or

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and [specified time periods have elapsed]; . . . or:

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void . . . .

Tex. Code Crim. Proc. art. 55.01(a).

3

In his petition, appellant sought the expunction of records in the following seven cases:[2]

1. Cause No. 0677953 in the 174th District Court of Harris County, a conviction for aggravated robbery;

2. Cause No. 0679595 in the 174th District Court of Harris County; a conviction for credit card abuse;

3. Cause No. 0681131 in the 174th District Court of Harris County; a robbery conviction;

4. Cause No. 0998670 in the 232nd District Court of Harris County, an indictment for robbery, which was dismissed and re-filed as Cause No. 1009435;

5. Cause No. 1009435 in the 232nd District Court of Harris County, a conviction for robbery;

6. Cause No. 1003667 in the 232nd District Court of Harris County, the robbery conviction in the underlying case in which appellant filed the petition for expunction from which this appeal arises; and

7. Cause No. 1020121 in the 232nd District Court of Harris County, which was a duplicate robbery indictment filed in error and dismissed two days later.

Article 55.01 provides that dismissal of an indictment is a ground for expunction under certain circumstances. Tex. Code Crim. Proc. art. 55.01(a)(2)(A). Appellant claimed in his expunction petition that all the indictments at issue have been dismissed, which is incorrect. Five of these indictments resulted in final convictions. As noted above, although the indictments in Cause Nos. 0998670 and 1020121 were dismissed, appellant was convicted of the same substantive charges made in both of those cases. To be eligible for expunction, the petitioner has the burden of proving that "he has been released and *the charge* . . . [did] not result in a final conviction." Tex. Code Crim. Proc. art. 55.01(a)(2). Appellant has been

---

[2] In the petition, appellant states that there are eight cases, but he has listed only the seven cases referenced in this opinion.

convicted of five charges and has not been released. Consequently, these dismissals do not provide a basis for expunction.

In his brief on appeal, appellant failed to address the older convictions listed in numbers 1, 2, and 3 above. Accordingly, appellant has waived any claim to expunction of these cases. *See Canton-Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("In the review of a civil case, an appellate court has no discretion to consider an issue not raised in the appellant's brief."). Moreover, appellant did not provide any evidence with his petition that these earlier cases resulted in an acquittal, pardon, dismissal of the charges, or failure to present a charge. Allegations in a petition to expunge criminal records are not evidence; the petitioner is required to prove compliance with the statute. *Ex parte Guajardo,* 70 S.W.3d 202, 206 (Tex. App.—San Antonio 2001, no pet).

In appellant's expunction petition, he also argued that the robbery conviction in cause number 1003667, the underlying case, was void because there was no arrest warrant. This court affirmed appellant's conviction on direct appeal, and the conviction is final. A collateral attack on a final judgment may not be brought in an expunction proceeding. *See In re Retzlaff*, 345 S.W.3d 777, 779 (Tex. App.—El Paso 2011, no pet.). Moreover, only a void judgment may be collaterally attacked. *See Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex. 2005). A judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter a particular judgment, or no capacity to act." *Id.* (quoting *Austin I.S.D. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex. 1973)). The record does not reflect that any of the judgments at issue, including the judgment in cause number 1003667, are void.

The record also does not establish that any of appellant's indictments are

5

void. Even if a void indictment is shown, the expunction statute still requires that the indictment must have been dismissed or quashed prior to conviction. *See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A)(ii) (stating conditions of expunction include "the person has been released and the charge . . . *has not resulted in a final conviction*" and that "an indictment or information . . . *was dismissed or quashed . . . because the indictment or information was void. . . .*") (emphasis added). Appellant has not made this showing.

Furthermore, even where an indictment has been dismissed, the petitioner has the burden of proving that the dismissal was because of a factual "mistake, false information, or other similar reason indicting absence of probable cause at the time of dismissal." Tex. Code Crim. Proc. art. 55.01(a)(2)(A)(ii); *see also Harris Cnty. Dist Attorney's Office v. Hopson,* 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist] 1994, no writ). Appellant made no such showing.

Appellant's reliance on *In re E.R.W.,* 281 S.W.3d 572 (Tex. App.—El Paso 2008, pet. denied) is misplaced. In that case, the court of appeals held that the applicant, E.R.W., had presented evidence showing that capital murder charges were dismissed because the presentment had been made due to mistake, false information, and a lack of probable cause. *Id.* at 575. Therefore, he met the statutory requirements for expunction of his criminal record. *Id.* In *E.R.W.,* the applicant was not tried and convicted of the charge for which expunction was sought; here, appellant was convicted of all the charges at issue.

Appellant also asserted that he was sentenced three times in cause number 1003667, but this allegation is not confirmed by the record. The State responds that appellant simply is mistaken in his belief that he was sentenced three times for the same conviction. He has three separate robbery convictions. According to the judgments, the first robbery was committed on September 28, 1993; the second

was committed on July 28, 2004; and the third was committed on August 14, 2004.

Appellant has also raised a due process argument, which we assume refers to the denial of his motion requesting a bench warrant and oral hearing. By ruling on the petition for expunction without granting an oral hearing, the trial court implicitly denied appellant's motion. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); Tex. R. App. P. 33.1(a)(2).

There is generally a requirement for the trial court to set a hearing on a petition for expunction. *See Heine v. Texas Dep't. of Pub. Safety*, 92 S.W.3d 642, 649 (Tex. App.—Austin 2002, pet. denied) (citing Tex. Code Crim. Proc. art. 55.02, § 2(c) (providing that "[t]he court shall set a hearing on the matter")). A "hearing" does not necessarily contemplate a personal appearance before the court or an oral presentation to the court, however. *See Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004).

"A prison inmate's right to access the courts does not entail the right to appear personally." *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ). An inmate does not have an absolute right to appear in person in every court proceeding. *In re Z.L.T.*, 124 S.W.3d at 165. The decision whether to issue a writ of habeas corpus *ad testificandum*, more commonly called a bench warrant, for an inmate to attend court rests in the sound discretion of the trial court. *Brewer*, 737 S.W.2d at 424; *see also Jones v. Jones*, 64 S.W.3d 206, 210 (Tex. App.—El Paso 2001, no pet.). Texas courts recognize a variety of balancing factors that trial courts should consider when deciding whether to permit an incarcerated party to appear at trial. *In re Z.L.T.*, 124 S.W.3d at 165. These factors include the cost and inconvenience of transporting the prisoner, the security risk the prisoner presents to the court and public, whether the prisoner's presence is necessary to judge his demeanor and credibility, whether the prisoner's claims are

substantial and his probability of success, *Id.* Thus, an inmate is required to show why his appearance at court is justified. *Brewer,* 737 S.W.2d at 424. A trial court abuses its discretion in denying a motion for a bench warrant only if the inmate has been effectively barred from presenting his case. *Aguilar v. Alvarado*, 39 S.W.3d 244, 248 (Tex. App.—Waco 1999, pet. denied).

These balancing factors do not weigh in favor of permitting appellant to appear at court. Because the court is not required to hear testimony or make judgments about demeanor and credibility in an expunction proceeding, these factors do not weigh in favor of allowing a personal appearance. *See Brewer,* 737 S.W.2d at 423. There is no indication in our record about what appellant's testimony would have been. Appellant was able to present his case through the written evidence provided with his motion. *See Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194 (Tex. App.—Dallas 2007, no pet.) (holding that appellant's due process rights were satisfied as long as he received a reasonable opportunity to present his written evidence); *see also Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.) (holding that a hearing on a petition for expunction was not necessary when all relevant facts were available to the court); *McCarroll v. Texas Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.) (holding any error in ruling on a petition for expunction without a hearing was harmless). We conclude that appellant has not established his entitlement to relief. *See* Tex. R. App. P. 44.1(a) (appellant has the burden of showing that any trial court error probably caused the rendition of an improper judgment or prevented appellant from properly presenting the case to the court of appeals).

Appellant failed to establish any grounds for expunction, and the trial court did not abuse its discretion in denying his petition. Appellant also has not

demonstrated that the trial court reversibly erred in denying his petition for expunction without an oral hearing. Accordingly, the judgment of the trial court is affirmed.

/s/    John Donovan
       Justice

Panel consists of Justices Brown, Christopher, and Donovan.