**Dismissed and Memorandum Opinion filed February 6, 2014.**



In The

# Fourteenth Court of Appeals

---

### NOS. 14-14-00001-CR & 14-14-00002-CR

---

**RONALD DARNELL CEPHUS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 998670 & 1009435**

---

## M E M O R A N D U M   O P I N I O N

Appellant, a pro se inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice, filed a notice of appeal on November 25, 2013, in an attempt to appeal an order signed by the trial court on October 3, 2013, denying his pro se motions related to cause numbers 998670 and 1009435 in the 232nd District Court in Harris County. Appellant's notice of appeal is untimely, and we dismiss the appeal for want of jurisdiction.

Appellant's notice of appeal was filed more than thirty days after the trial court's order was signed. A defendant's notice of appeal must be filed within thirty days after an appealable order is signed. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal, and it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeals are ordered dismissed.[1]


PER CURIAM


Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant previously filed a civil proceeding seeking to expunge the records in cause numbers 998670 and 1009435. This court affirmed the denial of appellant's petition for expunction of these records. *See Ex parte Cephus,* 410 S.W.3d 416 (Tex. App.—Houston [14th Dist.] 2013, no pet.). After our opinion issued, appellant filed motions in the criminal district court in which he appears to seek the same relief. Appellant also filed a petition for writ of mandamus related to those cause numbers, which was denied. *See In re Cephus,* Nos. 14-13-01060-CR, 14-13-01061-CR, (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, orig. proceeding) (not designated for publication).