

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00338-CV

EX PARTE J.H.

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. D372-E-13054-17

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In a single issue in this restricted appeal, appellant the Texas Department of Public Safety (DPS) argues that the trial court misinterpreted the expunction statute when it ordered that appellee J.H.'s arrest record regarding a February 3, 2011 order of deferred adjudication community supervision be expunged. Even though DPS acknowledges that the statute which J.H. was charged under has since been declared unconstitutional, DPS nonetheless argues that J.H. was not

---

[1]See Tex. R. App. P. 47.4.

entitled to have his arrest record expunged because he was placed on community supervision after pleading guilty to the State's charge and, according to DPS, the expunction statute specifically prohibits expunction if someone has been placed on community supervision.

Because this court has recently rejected this same argument and held that once a trial court grants habeas corpus relief predicated on a void statute, void too are the conditions of an applicant's community supervision, we will dismiss this restricted appeal.

## II. BACKGROUND

In August 2010, the State indicted J.H. in cause number 1211091D for the felony offense of online solicitation of a minor pursuant to former penal code section 33.021(b). *See* Act of May 21, 2007, 80th Leg., R.S., ch. 610, § 2, 2007 Tex. Gen. Laws 1167, 1167–68. Less than a year later, J.H. pleaded guilty in exchange for ten years' deferred adjudication community supervision and a $1500 fine, as well as the imposition of court-ordered counseling and other conditions designed at restricting his access to the Internet. Two years after J.H. pleaded guilty, the court of criminal appeals struck down former penal code section 33.021(b) as facially unconstitutional. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013) (holding that then-penal code section 33.021(b) was overly broad). Nearly six years after being placed on deferred adjudication community supervision, the trial court granted J.H.'s application for writ of habeas

corpus based on the holding in *Lo.* In its January 6, 2017 order, the trial court expressly found that *Lo* applied to J.H.'s case and declared void the order of deferred adjudication. Attached to the order is a copy of the State's motion to dismiss the charges against J.H. On February 17, 2017, J.H. filed a petition for the expunction of all criminal records related to cause number 1211091D. In April 2017, after holding a hearing, the trial court granted J.H.'s petition. On October 2, 2017, DPS filed a notice of restricted appeal.

## III. DISCUSSION

In a single issue, DPS argues that it is entitled to this restricted appeal because there is error on the face of the record. Specifically, DPS argues that J.H. was not entitled to have his arrest record expunged because he was placed on community supervision after pleading guilty to the State's charge and that the expunction statute expressly prohibits anyone placed on community supervision from having their record expunged. J.H. argues, among multiple arguments, that because the statute which he was convicted under was declared unconstitutional, it was proper for the trial court to find his deferred adjudication community supervision order void as well and that thus there is no error on the face of the record in this case. Consequently, argues J.H., DPS is not entitled to its restricted appeal. We agree with J.H.

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the order or judgment was signed, (2) it

3

was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the order or judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *See Lab. Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528–29 (Tex. App.—Dallas 2000, no pet.). (holding that court lacked jurisdiction over restricted appeal because laboratory corporation had filed its notice of restricted appeal more than six months after judgment was signed).

We review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard. *See Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). But to the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.).

This court has recently addressed the issue of whether there is error on the face of the record when a trial court grants expunction relief predicated on the

4

fact that the felony offense of online solicitation of a minor pursuant to former penal code section 33.021(b) has been declared unconstitutional. *Ex parte E.H.*, No. 02-17-00419-CV, 2018 WL _____, at * _ (Tex. App.—Fort Worth, Aug. 16, 2018, no pet. h.); *see Lo*, 424 S.W.3d at 14. In *E.H.*, this court concluded that the void statute, E.H.'s later-granted habeas relief, and the role under the separation of powers that courts play in expunction and in the interpretation of judgments and statutes mandated that E.H.'s arrest record be expunged. *E.H.*, No. 02-17-00419-CV, 2018 WL _____, at *_. Thus, the trial court had not abused its discretion by ordering the expunction of E.H.'s record, and DPS had therefore failed to show error on the face of the record. *Id.*

The facts of J.H.'s case are identical to those found in *E.H.* Thus, like in *E.H.*, where this court held that there was no error on the face of the record when the trial court ordered expunction of E.H.'s arrest record, here, there is no error on the face of the record by the trial court ordering the expunction of J.H.'s arrest record. *See id.* Because DPS has failed to establish error on the face of the record, we overrule its sole issue.

## IV. CONCLUSION

Having overruled DPS's sole issue on the basis of failure to establish error on the face of the record, we dismiss this restricted appeal for want of jurisdiction. *See Ex parte K.K.*, No. 02-17-00158-CV, 2018 WL 1324696, at *2 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op.).

5

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and PITTMAN, JJ.

DELIVERED:  August 23, 2018