

# NUMBER 13-20-00316-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE ARTURO GALVAN

### On appeal from the 103rd District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Chief Justice Contreras**

This appeal concerns the denial of a petition for expunction of records relating to an arrest. *See* TEX. CODE CRIM. PROC. ANN. ch. 55. By three issues, pro se appellant Arturo Galvan contends the trial court erred by: (1) "failing to consider" exhibits in support of his petition; (2) failing to "correctly construe and interpret legislative language and intent"; and (3) denying his motion for bench warrant or telephonic appearance at the final hearing. We affirm.

# I.  BACKGROUND

On December 10, 2019, Galvan filed a verified petition to expunge records pertaining to his January 8, 1988 arrest for injury to a child. *See id.*; Tex. Penal Code Ann. § 22.04. The petition stated that "the arrest was 'dropped'" by the arresting agency, the San Benito Police Department, but was "refiled" as a "simple misdemeanor assault," to which he pleaded guilty. Galvan asserted that, because the arrests for misdemeanor assault and injury to a child were "executed on two separate dates," that indicates that they were in fact "two separate offenses." He argued that since he was not convicted of injury to a child, he is entitled to expunction of the January 8, 1988 arrest records under article 55.01(a)(2) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (generally stating a person is entitled to expunction of arrest records if "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision").

Citing code of criminal procedure article 55.01(a)(2)(A)(ii), Galvan further argued that the injury to a child charge was "dismissed/dropped because there was no probable cause AT THE TIME OF THE DISMISSAL to believe [he] had committed the offense." *See id.* art. 55.01(a)(2)(A)(ii)(d) (generally requiring expunction of arrest records where a charge is "dismissed or quashed" "because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense"). Specifically, he alleged that the injury to a child charge was "dropped . . . due to [the] complaining witness falsely alleging bodily injury when in fact, there was no proof that he had sustained even the minimum degree of injury" as required under the penal code. *See id.*; Tex. Penal Code Ann. § 22.04.

As an exhibit to his petition, Galvan attached a printout of results of a "Criminal History Search" obtained from the Texas Department of Public Safety (DPS). Among other things, the exhibit reflects that Galvan was arrested for misdemeanor assault on December 30, 1987, and was later convicted of that offense in trial court cause number 88-CCR-1143-A. The exhibit lists December 30, 1987, as the "Date of Offense" for the assault. The exhibit also shows that appellant was arrested on January 8, 1988, for injury to a child. Under the entry for the January 8, 1988 arrest, the exhibit states that the charge was "dropped by the arresting agency" but was "refiled as case #88-CCR-1143-A." The exhibit does not contain an alleged "Date of Offense" for the injury to a child arrest.

Galvan also filed a "Motion for Bench Warrant or in the Alternative Motion for Hearing by Conference Call," and a "Motion for Leave of Court to Proceed In Forma Pauperis" accompanied by a "Declaration of Inability to Pay Costs." The trial court granted the motion to proceed *in forma pauperis* but denied the request for a bench warrant or to appear by telephone.

DPS filed an answer along with copies of the complaint, information, judgment of conviction, and order discharging Galvan from probation in trial court cause number 88-CCR-1143-A. The exhibits reflect that Galvan pleaded guilty to assault; was convicted; was sentenced to twelve months in the county jail, with the sentence suspended and probation imposed for twelve months; and was assessed a $250 fine. DPS argued that Galvan was not entitled to expunction of the records of the January 8, 1988 arrest for injury to a child because that arrest "resulted in a final conviction" for assault. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).

The trial court held a hearing on Galvan's petition for expunction on September 3,

3

2020, via Zoom. Galvan did not appear at the hearing in person, by phone, or through attorney representation. The trial court denied the petition on September 24, 2020, and this appeal followed. Appellant filed a pro se brief and the Cameron County District Attorney filed an appellee's brief.

## II. STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's expunction order under an abuse of discretion standard. *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi−Edinburg 2016, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). The trial court commits reversible error if it does not strictly comply with the statutory procedures for expunction. *State v. Echeverry*, 267 S.W.3d 423, 425 (Tex. App.—Corpus Christi–Edinburg 2008, pet. denied).

A person who was arrested for a criminal offense and who meets other statutory conditions may file a petition for expunction to have all records and files related to that arrest removed from the State's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *Vega*, 510 S.W.3d at 548. A petitioner who fails to satisfy any of the statutory requirements is not entitled to expunction as a matter of law. *Collin Cnty. Dist. Att'y's Off. v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.). Thus, a trial court abuses its discretion if it grants an expunction when the petitioner has not met all statutory conditions. *Vega*, 510 S.W.3d at 548. Trial courts possess "no equitable power to permit expunction where it is not allowed" by statute. *Id.*

Article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure governs when a person has a right to expunction of an arrest due to dismissal of the charge. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A). Article 55.01(a)(2) states that a person who has

4

been placed under arrest for either a felony or a misdemeanor may have records and files relating to the arrest expunged if the person proves that: (1) the person was released; (2) the charge, if any, did not result in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure. *Id*. art. 55.01(a)(2). If the person is charged by indictment or information with the commission of "a misdemeanor offense based on the person's arrest" or "any felony offense arising out of the same transaction for which the person was arrested," then the person must also show that the indictment or information "was dismissed or quashed" for one of several reasons, including "mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense." *Id.* art. 55.01(a)(2)(A)(ii)(d).

DPS argued in its answer that when multiple charges stem from the same arrest, the petitioner must prove that he meets the expunction requirements for every charge before records of the arrest can be expunged. *See Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622 (Tex. App.—Austin 2014, pet. denied); *Travis Cnty. Dist. Att'y v. M.M.*, 354 S.W.3d 920, 927–28 (Tex. App.—Austin 2011, no pet.). It also cited case law stating that, under article 55.01(a)(2)(A)(ii), an "intervening 'indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest' that has not be[en] dismissed or quashed disqualifies a petitioner from obtaining expunction of the original charge*." Ex parte Barham*, 534 S.W.3d 547, 556 (Tex. App.— Texarkana 2017, no pet.). However, the Texas Supreme Court recently held in *Ex parte R.P.G.P.* that "subarticles (a)(2) and (a)(2)(A) of Article 55.01 of the Texas Code of Criminal Procedure are offense-based provisions with regard to misdemeanors but arrest-

5

based with respect to felonies." 623 S.W.3d 313, 325 (Tex. 2021).[1] Thus, expunction under article 55.01(a)(2) is not available if "any felony offense" arose from the same arrest. *Id.* at 324; *V.E. v. Travis Cnty. Dist. Att'y*, 500 S.W.3d 652, 656 (Tex. App.—Austin 2016, no pet.). On the other hand, misdemeanor offenses are eligible for expunction from arrest records on an individual basis. *See R.P.G.P.*, 623 S.W.3d at 315.

### III.    ANALYSIS

### A.    Consideration of Exhibits

By his first issue, Galvan contends the trial court abused its discretion when it failed to consider the exhibits attached to his petition as evidence. He offers no argument, record references, or citations to authority in support of this argument. Accordingly, the issue is waived. *See* TEX. R. APP. P. 38.1(i); *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (providing that pro se litigants are held to the same standards as attorneys and must comply with the Texas Rules of Appellate Procedure).

### B.    Expunction

By his second issue, Galvan argues the trial court "fail[ed] to correctly construe and interpret" the statute and abused its discretion by denying his petition for expunction of the records.

Galvan's argument hinges on the notion that the injury to a child offense, for which he was arrested on January 8, 1988, is "a sep[a]rate and distinct offense, with distinct and sep[a]rate times, places, and dates" and is "unrelated to any other offense for which he was arrested . . . ." He notes that the DPS records show two different dates for the

---

[1] Under the prior prevailing view, many appellate courts, including this Court, had "den[ied] expunction unless the petitioner establishe[d] that multiple offenses comprising an arrest [were] eligible for expunction." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 318 (Tex. 2021). We note that DPS filed its answer in the trial court before *R.P.G.P.* was handed down.

arrests for injury to a child (January 8, 1988) and assault (December 30, 1987). Galvan contends that this indicates the offenses underlying those arrests were unrelated. In its brief, the Cameron County District Attorney argues the following in response:

> While it is common for the arrest and offense dates to be the same, it is not at all abnormal for Law Enforcement to locate a suspect or even receive an initial criminal report some days after an offense takes place. There was one assault, Law Enforcement arrested the Petitioner for Injury to a Child and the offense was later charged by the District Attorney's Office as a misdemeanor Assault.

We disagree with Galvan's reading of the DPS records. As Galvan admits, the records unequivocally show that the injury to a child charge was "refiled" as a misdemeanor assault, to which Galvan pleaded guilty and of which he was convicted. While the records do show two different *arrest* dates, they do not show two different *offense* dates. Thus, it is apparent from the records that the January 8, 1988 arrest "resulted in a final conviction" for assault. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). Accordingly, Galvan is not entitled to expunction of the arrest records, regardless of the reason for why the injury to a child charge was dismissed. *See id.*; *Vega*, 510 S.W.3d at 547; *S.J. v. State*, 438 S.W.3d 838, 846 (Tex. App.—Fort Worth 2014, no pet.).[2]

Galvan cites *State v. T.S.N.*, in which the appellant was arrested once for two unrelated offenses. 547 S.W.3d 617, 621 (Tex. 2018). The Texas Supreme Court held that the petitioner was entitled to expunction pursuant to article 55.01(a)(1) because she had been acquitted of one of the offenses, even though she pleaded guilty to the other

---

[2] The DPS records seem to indicate that Galvan was arrested on the assault charge before he was arrested on the charge for injury to a child, which creates confusion. Nevertheless, it is undisputed that Galvan's January 8, 1988 arrest for injury to a child was "refiled" into a cause number which eventually resulted in his conviction for assault.

offense. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1) (authorizing expunction when a person is tried for the offense for which they were arrested but is acquitted by the trial court or pardoned). The *T.S.N.* court clarified, however, that "[t]he expunction scheme under subsection (a)(2) [was] not at issue, and [it] express[ed] no opinion about it." *T.S.N.*, 547 S.W.3d at 623. Here, Galvan did not claim he was entitled to expunction pursuant to article 55.01(a)(1) or that he was acquitted or pardoned of the injury to a child charge. Instead, Galvan sought expunction of his records pursuant to article 55.01(a)(2). Thus, *T.S.N.* has no bearing on our analysis under these facts. *See id.*

We conclude that Galvan failed to meet the requirements of article 55.01(a)(2) because the record shows that, although the injury to a child charge was dismissed, it "resulted in a final conviction" for assault. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *R.P.G.P.*, 623 S.W.3d at 325; *Vega*, 510 S.W.3d at 547. Thus, the records relating to Galvan's January 8, 1988 arrest for injury to a child are ineligible for expunction as a matter of law. *See Vega*, 510 S.W.3d at 547; *S.J.*, 438 S.W.3d at 845; *Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.) (concluding that the appellant failed to meet the requirements of expunction under article 55.01(a)(2) because the records showed that although a theft charge was dismissed, the appellant was convicted of a class C misdemeanor offense for issuing a bad check); *see also Ex parte De La Garza*, No. 13-16-00522-CV, 2018 WL 1417450, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2018, no pet.) (mem. op.) (concluding that appellant failed to meet the requirements of article 55.01(a)(2) because the record showed that although appellant's assault charge had been dismissed, as part of his plea agreement with the State, he was convicted of a class C misdemeanor offense for disorderly conduct). The trial court did

not abuse its discretion when it denied Galvan's petition for expunction. *See Vega*, 510 S.W.3d at 547. We overrule Galvan's second issue.

## C.    Due Process

By his third issue, Galvan contends that the trial court abused its discretion by denying his "invoked due process right" to participate and give testimony at the final hearing, whether in person, by telephone conference call, or by some other effective means. In this regard, Galvan had filed a "Motion for Bench Warrant, or in the Alternative, Motion for Hearing by Conference Call," requesting that he be allowed to participate in the "final hearing" on this matter. The trial court denied that motion.

"[A] trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition." *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.) (citing *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ)). Because we have concluded Galvan's claims fail as a matter of law based upon the pleadings, he was not entitled to a hearing. *See id.*[3] Accordingly, we overrule Galvan's third issue.

---

[3] Even though the expunction statute requires the court to "set a hearing on the matter," TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c), a "hearing" does not necessarily contemplate a personal appearance before the court or even an oral presentation to the court. *Ex parte Cephus*, 410 S.W.3d 416, 420 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004)). Rather, when deciding whether to permit an incarcerated party to appear at trial, Texas courts consider various factors, including the party's probability of success on the merits. *In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003); *see Cephus*, 410 S.W.3d at 421 ("A trial court abuses its discretion in denying a motion for a bench warrant only if the inmate has been effectively barred from presenting his case."). The burden is on the incarcerated party to show why his personal appearance is justified. *Brewer v. Taylor*, 737 S.W.2d 421, 424 (Tex. App.—Dallas 1987, no writ). Due to our conclusion that Galvan was not entitled to a hearing, we need not address his claim that the trial court erred by denying his motion to appear at the hearing personally or by telephone. *See* TEX. R. APP. P. 47.1.

## IV.    Conclusion

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
23rd day of September, 2021.