**Opinion filed July 13, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00129-CV
_____

## EX PARTE R.M.A.

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 15-7496**

### M E M O R A N D U M   O P I N I O N

Appellant, R.M.A., proceeding pro se, appeals the trial court's denial of his pro se and *in forma pauperis* petition for expunction that he filed while incarcerated. Appellant sought an expunction under Article 55.01 of the Texas Code of Criminal Procedure for all records and files relating to his "confinement" and "charge" for the state jail felony offense of possession of a controlled substance. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2022). On appeal, Appellant asserts that the trial court abused its discretion when it (1) did not allow him the opportunity to

participate in a hearing on his petition and (2) summarily denied his petition that purportedly met all the statutory requirements. We affirm.

## I. *Factual Background*

In 2015, Appellant was indicted for the state jail felony offense of possession of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2022). The State later filed a motion to dismiss the indictment based on "[p]rosecutorial discretion," which the trial court granted. Appellant filed his petition for expunction in 2022. The trial court found that Appellant's petition failed to meet the requirements of Article 55.01; therefore, it denied Appellant's petition.

Appellant challenges the trial court's denial of his petition. He contends that the trial court abused its discretion because (1) he was not allowed to participate in a hearing and present facts showing that his petition met the statutory requirements, and (2) the statutory requirements to obtain an expunction of the charged offense and all related matters were satisfied.

## II. *Standards of Review*

We review a trial court's determination of a litigant's right to appear in person for an abuse of discretion. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Likewise, we review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021). "A trial court abuses its discretion if it acts without reference to guiding rules and principles or if its actions were arbitrary and unreasonable." *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

A trial court abuses its discretion if it rules on a motion without holding a hearing, but only if a hearing is required. *Ex parte Wilson*, 224 S.W.3d at 863. To

2

the extent that the trial court's ruling depends on a question of law, we review the ruling de novo. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020).

III. *Analysis*

Article 55.01 of the Code of Criminal Procedure governs an individual's right to an expunction. *See* CRIM. PROC. art. 55.01. The statute provides, in relevant part, that a person who has been arrested for the commission of a felony offense is entitled to have all records and files relating to the arrest expunged if: (1) the person has been released; (2) the charge, if any, has not resulted in a final conviction and is no longer pending; (3) there was no court-ordered community supervision for the offense; (4) an indictment charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested, if presented at any time following the arrest, was dismissed or quashed; and (5) the trial court finds that the indictment was dismissed or quashed because the presentment of the indictment had been made because of mistake, false information, or other similar reason indicating the absence of probable cause, at the time of the dismissal, to believe the person had committed the charged offense. *Id.* § 55.01(a)(2)(A)(ii)(d).

A. *Right to Participate in or Attend a Hearing*

In his first issue, Appellant claims that the trial court abused its discretion when it did not allow Appellant to participate in a hearing to present facts that would show that his petition met the necessary statutory requirements. In support of his argument, Appellant relies on Article 55.02, Section 2(c), which states, "The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition." CRIM. PROC. art. 55.02, § 2(c). "Unless required by the express language or the context of the particular rule, . . . the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex.

1988). Further, if the operative pleading contains all the information that is necessary for the trial court to rule on and resolve the issue, it may rule on an expunction petition without conducting a formal hearing or considering live testimony. *Ex parte Wilson*, 224 S.W.3d at 863.

Here, Appellant's petition contained all the information that was necessary for the trial court to resolve the issue before it—whether the petition on its face met the statutory requirements for a sufficient expunction request—without Appellant's presence because the petition was insufficient on its face and Appellant's expunction request, on that basis alone, could not be granted.

An inmate has no absolute right to appear in court for a civil proceeding. *In re Z.L.T.*, 124 S.W.3d at 165. However, an inmate does not automatically lose his access to the courts because he is incarcerated. *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.). Instead, Appellant had the burden to identify with sufficient specificity, the necessity of his presence. *In re Z.L.T.*, 124 S.W.3d at 166. When determining whether to permit an inmate to attend a hearing in-person, courts consider and balance the following factors: (1) the cost and inconvenience of transporting the inmate, (2) the security risk the inmate presents to the court and public, (3) whether the inmate's presence is necessary to judge his demeanor and credibility, (4) whether the inmate's claims are substantial, and (5) his probability of success. *Ex parte Cephus*, 410 S.W.3d 416, 421 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *In re Z.L.T.*, 124 S.W.3d at 165)).

These factors do not weigh in favor of the trial court permitting Appellant to appear in court in person, as he claims. The trial court is not required to make demeanor and credibility determinations in an expunction proceeding because if the petitioner fully complies with Article 55.01(a), the trial court must grant the expunction petition. *Ex Parte Cephus*, 410 S.W.3d at 421; *Tex. Dep't of Pub.*

4

*Safety v. Dicken*, 415 S.W.3d 476, 479 (Tex. App.—San Antonio 2013, no pet.). Furthermore, nothing in the record indicates that Appellant formally requested to appear in person to advance his petition before the trial court. Although Appellant did request that the trial court set his petition for a hearing, he never submitted a writ of habeas corpus *ad testificandum* (a bench warrant) requesting permission to appear in person at any hearing regarding his petition. *See In re Z.L.T.*, 124 S.W.3d at 164. Because Appellant never established the necessity of his presence at any hearing, the trial court had no duty to seek out this information on its own. *Id.* at 166. Therefore, the trial court did not abuse its discretion when it ruled on and denied the petition without a hearing and in Appellant's absence.

Accordingly, Appellant's first issue is overruled.

B. *Sufficiency of Appellant's Expunction Petition*

In his second issue, Appellant asserts that the trial court abused its discretion when it denied his petition because the petition met all the requirements outlined in Article 55.01. The State maintains that the trial court properly denied the petition because the petition was facially deficient in that it failed to satisfy all the statutory requirements under Articles 55.01 and 55.02. The State further contends that Appellant's petition omitted certain statutorily required information that was necessary to prove that he was qualified to receive a record expungement. We agree with the State.

Although expunction is a statutory privilege that is codified in the Code of Criminal Procedure, the remedy sought is civil in nature and Appellant had the burden to prove his entitlement to this remedy. *See Ex parte R.P.G.P.*, 623 S.W.3d at 316 (citing *Ex parte E.H.*, 602 S.W.3d at 489*); Barker v. State*, 84 S.W.3d 409, 411 (Tex. App.—Fort Worth 2002, no pet.) (citing *State v. Herron*, 53 S.W.3d 843, 846 (Tex. App—Fort Worth 2001, no pet.)). Because the requirements for an

5

expunction are mandatory and exclusive and cannot be equitably expanded by the courts, the requesting party must prove that he has met every statutory condition before the trial court may grant an expunction request. *R.P.G.P.*, 623 S.W.3d at 316; *Dicken*, 415 S.W.3d at 479.

Appellant is a pro se litigant. Therefore, we construe his petition liberally. *See Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.); *but see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (recognizing that acting pro se is not a license of noncompliance to the relevant rules of procedural and substantive law). Even with a liberal construction, "we cannot read into a petition what is plainly not there." *Aaron*, 645 S.W.3d at 310 (quoting *Bos v. Smith*, 556 S.W.3d 293, 305–06 (Tex. 2018)). Here, Appellant did not file or submit a sufficient pleading to show his entitlement to an expunction. In fact, Appellant failed to address and set forth in his petition the requirements of Article 55.02, §§ 1, 2(b), elements that are necessary to prove one's right to an expunction.

Article 55.02, Section 2 requires that a petition filed under Article 55.01 must include the following information or an explanation as to why one or more of the following is not included: (1) the petitioner's full name, sex, race, date of birth, driver's license number, social security number, and address at the time of the arrest; (2) the offense charged against the petitioner; (3) the date the offense charged against the petitioner was alleged to have been committed; (4) the date the petitioner was arrested; (5) the name of the county where the petitioner was arrested and if the arrest occurred in a municipality, the name of the municipality; (6) the name of the law enforcement agency that arrested the petitioner; and (7) the case number and the court where the criminal proceeding was filed and pending. *See* CRIM. PROC. art. 55.02, § 2(b). Appellant neglected to include six of the above required categories of information in his petition and did not explain why he omitted them. Despite

being a pro se litigant, Appellant had the burden to assure that his petition complied with all statutory requirements; he failed to do so. As such, Appellant's expunction petition was facially insufficient. Therefore, the trial court did not abuse its discretion when it denied Appellant's petition on that basis.

Accordingly, Appellant's second issue is overruled.

## IV. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


July 13, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.